## James Steel

### *v.*

## James Dunne.

1. CORPORATION—*individual liability as stockholder—construction.* In order to fix a liability upon one for the debts of a private corporation organized under the general law which makes stockholders individually liable to the creditors of the company to an amount equal to the stock held by them, etc., it must be made plainly to appear that he was a stockholder, and within the purview of the law. The meaning of the statute can not be enlarged so as to include cases not expressly within its provisions.

2. The mere fact that the defendant was a director in such a company is not sufficient to make him liable individually within the meaning of the statute.

3. So, where the defendant was a director in the Piute Mining Com pany, and it appeared that company had never issued any certificates of stock, and it was not shown that he ever subscribed for stock, and it appeared that he was a stockholder in the Piute *Silver* Mining Company, subsequently organized with a different directory: *Held,* that he was not liable individually in a suit by a creditor of the first named corporation.

APPEAL from the Circuit Court of Cook county; the Hon. HENRY BOOTH, Judge, presiding.

Messrs. MORAN & ENGLISH, for the appellant.

Mr. C. M. HARDY, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The appellee was formerly secretary of the "Piute Mining Company of Chicago," an incorporated company organized under the general laws of the State. At the March term, 1871, of the circuit court of Cook county he obtained a judgment against that company. On this judgment execution was regularly issued, and was, by the sheriff, returned *nulla bona* before this action was commenced. It is alleged that appellant was a stockholder in that company, and this action was commenced against him to recover the amount of the judgment obtained by appellee against the company.

The statute under which the company was organized provides: that all stockholders of every such company shall be severally individually liable to the creditors of the company to the amount equal to the amount of stock held by them respectively, for all debts and contracts made by the company prior to the time when the whole capital stock shall have been paid in, and a certificate thereof made and filed as therein required. Gross' Statutes, chap. 25, div. 14.

The defense sought to be interposed is that appellant was not, at the date the debt was contracted for which appellee

obtained judgment, and never was a stockholder in the "Piute Mining Company."

It seems to us that the evidence fully sustains the defense. It does not appear that any certificates of stock were ever issued to any one by that company, or that appellant really owned any stock. He had not previously subscribed for any stock. The company was only in existence for a period of about three months.

The company was about to commence business and issue certificates of stock, and for that purpose caused scrip to be printed and a seal to be engraved. When the work was finished it was found that the seal was engraved " The Piute Silver Mining Company of Chicago." The same error, perhaps, occurred in the printing. It was suggested by appellee that the cheapest way to remedy the difficulty would be to file new articles of association, and organize the company by the name " The Piute Silver Mining Company," which was accordingly done. The new company was organized with five directors; the old company had seven. Appellant was named as a director in both companies.

The " Piute Mining Company" seems to have been then abandoned. No stock had been previously issued, and none afterwards.

The new organization having a different and less directory was essentially a new company. It had a new name and a new directory. In the latter company it is admitted that appellant was a stockholder, but appellee never rendered any services for the " Piute Silver Mining Company," and had no judgment against it.

There being no satisfactory evidence in the record that appellant was ever a stockholder in the " Piute Mining Company," against which appellee had a judgment, there could be no recovery. What remedy appellee may have had against the directors of the abandoned company who employed him as their secretary, it is not the province of this court to

inquire. It is sufficient that under the evidence in this record there can be no recovery as against appellant.

The mere fact that he was a director in the company is not sufficient to make him liable within the meaning of the statute. It must appear that he was a stockholder before any individual liability can attach. The remedy is purely statutory, and the evidence must show that he is plainly within its purview before he can be made personally liable. The meaning of the statute can not be enlarged so as to include cases not expressly within its provisions.

The judgment is reversed and the cause remanded.

*Judgment reversed.*