## WILLIAM C. BUCHANAN
### v.
## BARTOW. IRON COMPANY.

CORPORATION—PERSONAL LIABILITY OF DIRECTOR OR OFFICER.—Under the general incorporation law creating a personal liability against the officers and directors of corporations for indebtedness exceeding the capital stock, such officers and directors are liable only to the creditors as a whole, and not to any individual creditor for the amount of his individual debt, and this liability can be enforced only in chancery. The object of the statute is to furnish a remedy and relief to the creditors generally, and a common fund to which they may, on terms of perfect equality, resort for the satisfaction of their debts.

APPEAL from the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Mr. CHARLES W. THOMAS, for appellant.

Mr. JAMES M. DILL, for appellee.

BAKER, J. Appellant was president of the Belleville Nail Mill Company, a corporation organized under the general law of 1857, and judgment was recovered against him in the Circuit Court by appellee, in an action of assumpsit for a debt of $4,935.37, contracted by the said nail company with the assent of appellant.

The supposed liability of appellant is predicated upon § 16 of the general incorporation law of 1872, Rev. Stat. 288. That section reads as follows: "If the indebtedness of any stock corporation shall exceed the amount of its capital stock, the directors and officers of such corporation, assenting thereto, shall be personally and individually liable for such excess to the creditors of such corporation."

In this case the first count of the declaration avers an indebtedness of $100,000, and the second and third counts aver an indebtedness of $150,000 in excess of the capital stock of the company, and the proofs show an indebtedness of over $100,000 in excess of the capital stock of the company, thus indicating that there are creditors other than appellee.

We are of the opinion that the liability of the appellant under this section, if he be liable at all, is solely and only in a court of chancery, and is to the creditors as a whole, and is not to any individual creditor for the amount of his individual debt. We think that this is so, from a consideration of the several provisions of the statute itself, from the reason, justice and very nature of the case, and from the authorities.

Upon examination of the several sections of this act that impose liabilities upon parties other than the corporation itself, we find it is provided in the eighth section that each stockholder and assignee of stock shall in a certain contingency be liable for the debts of the corporation, to a certain specified extent; that it is provided in the eighteenth section that any pretended officers or agents of any real or pretended corporation, shall in a certain contingency be jointly and severally liable for certain specified debts and liabilities; that it is provided in the nineteenth section that directors, officers or agents of corporations shall in a certain other specified event be jointly and severally liable for certain other specified debts; and that it is provided in the twenty-first section that certain officers of corporations shall, in a still other specified event, be jointly and severally liable for all damages. These three first mentioned sections fix a liability for the debts themselves, and *ex necessitate rei* a liability to the persons to whom the debts are owing. The last mentioned section imposes a liability for damages suffered, and of course to be recovered by the party damnified. Sec. 16 is otherwise. It provides that in a certain contingency the directors and officers of a corporation shall be liable for an excess of indebtedness over capital stock, personally and individually, to the creditors of the corporation. The liability is not for any debt or debts, as in the cases of the other sections, but is for an excess of indebtedness, and the liability is not to the persons who hold the contracts of indebtedness in excess, and is not, as in the other sections, to certain specified creditors, or to specified persons damnified, but to the creditors as a class. It appears to us that the use of a phraseology in this section, so variant from the language of the other sections, is evidence of a legislative intent as to cases falling under this

sixteenth section, different from the legislative intention in regard to the cases of the other sections,

We do not claim, however, that under the declaration this case falls within the twenty-fifth section of the same act, where provision is expressly made for a suit in equity. But this latter section, in its full scope and import, is fully in accord with our interpretation of § 16, and provides in express terms for the cases of that section the same remedy that it impliedly provided for the case of the sixteenth section.

It is not readily seen why, in the event the company has ceased to do business, or has failed to pay an execution for ten days after demand, the legal title to the excess should be vested in the creditors as a whole, whereas otherwise the cause of action should be in an individual creditor. No legislative intention to make such difference is expressly indicated in reference to the liability imposed by this section.

The reason, justice and equity of the case lead us to the same conclusions. Granted it is eminently proper that, in the event of an excess of indebtedness over capital stock, the directors or officers assenting thereto should be individually and personally liable for such excess. But why should this excess belong to one creditor more than another? The interests of the particular creditor whose indebtedness was last contracted are not more jeopardized than the rights and interests of those prior creditors whose debts were contracted before the limit was reached, and who have no lien or claim against the property representing the capital stock that the last creditor of them all has not. Why in reason should this last creditor have all the security that other creditors have, and at the same time exclusively have this personal liability in addition? His equities are no greater, if so great, as theirs, and the statute has given this right to the excess in express terms, not to him, but to the creditors of the corporation.

If this liability is to be considered simply as a penalty, and not as intended also to furnish an equitable fund for the payment of the debts of the corporation, then the right to recover this penalty either belongs to the creditors as a whole, or to that creditor who first sues therefor. If it can be recovered by one

creditor alone, then it belongs to one creditor as much as another, and without regard to priority of indebtedness. If a penalty only, then the penalty should be in gross for the total amount of the excess, and that creditor who first sues, be he a creditor within or without the limit, can recover it, and his recovery will be a bar to any subsequent suit by any other creditor for such penalty or excess.

We do not believe that this was the intention of the law. The import and object of this statutory provision goes far above and beyond this; it was intended to furnish a remedy and a relief to the creditors generally, and a common fund to which they might, on terms of perfect equality, resort for the satisfaction of their debts.

This view of the law seems to be supported by the authorities.

The act of Congress of May 5, 1870, authorizes the formation of corporations within the District of Columbia, and provides, among other things, that " if the indebtedness of any company organized under this act, shall at any time exceed the amount of its capital stock, the trustees of such company assenting thereto shall be personally and individually liable for such excess to the creditors of the company."

It will be noticed that this language is almost identical with the language used in § 16 of our statute.

The Supreme Court of the United States had this provision of the act of Congress before them in the case of Horner v. Henning, 93 U. S. 228. The unanimous decision of the court was, that a suit at law could not be maintained under this provision; that this statutory liability constituted a common fund for the benefit of all the creditors; that they were entitled to share in it in proportion to the amounts of their debts, so far as it might be necessary to pay such debts; and that the appropriate and only remedy was in a court of chancery.

Mr. Justice Miller, in delivering the opinion of the court, says: " The remedy for this violation of duty as trustee is in its. nature appropriate to a court of chancery. The powers and instrumentalities of that court enable it to ascertain the excess of the indebtedness over the capital stock, the amount of this

Buchanan v. Bartow Iron Co.

which each trustee may have assented to, and the extent to which the funds of the corporation may be resorted to for the payment of the debts; also, the number and names of the creditors, the amount of their several debts, to determine the sum to be recovered of the trustees, and apportioned among the creditors, in a manner which the trial by jury and the rigid rules of common law proceedings render impossible. This course . . . adjusts the rights of all concerned on the equitable principles which lie at the foundation of the statute."

We would refer, also, to the cases of Sturges v. Bouton, 8 Ohio State, 215; Merchants' Bank v. Stevenson, 5 Allen, 398; and Pollard v. Bailey, 20 Wall. 520; and many other cases might be referred to that throw light upon the questions here involved.

We regard the conclusions that we have reached as being in entire harmony with the decisions of our own supreme court, and as not at all in conflict with the cases cited by appellee. We·admit the general doctrine that where the statute creates a legal liability, an implied promise arises out of such liability, and that ·an action of assumpsit may be maintained. If the legal liability here was a liability to appellee individually as a creditor, or was for the amount of his debt, then the rule would apply. But the liability is to the creditors of the corporation as a body; and if so, then the only appropriate and available remedy is by bill in chancery.

In the case of Culver v. Third National Bank of Chicago, 64 Ill. 528, the action was, based on the liability imposed by Sec. 9 of the act of February 18, 1857, which is as follows: "All the.stockholders of every such company shall be severally, individually liable to the creditors of the company to an amount equal to the amount of stock held by them respectively, for all debts and contracts made by such company prior to the time when the whole amount of its capital stock shall have been paid in, and a certificate thereof made as hereinafter required." This section, in express terms, declares the liability to be for all debts and contracts made by such company prior, etc., and that the Supreme Court should have held that an action of assumpsit could be maintained against the stockholders for one

of these debts, or on one of these contracts, is exactly in harmony with the distinction we make.

It may be suggested that the words "shall be liable to the creditors" occur alike in § 9 of the act of February 18, 1857, and in § 16 of the act of 1872, now under consideration, and that, therefore, they should be interpreted alike. This does not follow. Expressions found more than once even in the same statute do not necessarily have the same signification. Potter's Dwarris on Statutes, 128. Nor does it state all of the case. In the latter act these general words alone are used; but in the former act, in connection therewith, are words of limitation, and the whole of the words therein, taken together are, "shall be liable to the creditors for all debts and contracts." Thus we see that these additional words so qualify and limit that which otherwise might be a liability to creditors generally as to make it a liability for the debts and contracts of the individual creditor. The fact that the legislature omitted from the statute of 1872 the qualifying words used in the act of 1857, is a circumstance tending to manifest the legislative intention. Bedell v. Janney, 5 Gilm. 207. In the construction of a statute, every part of it must be viewed in connection with the whole, so as to make all its parts harmonize, if practicable, and give a sensible and intelligent effect to each. It is not to be presumed that the legislature intended any part of a statute to be without meaning. Potter's Dwarris, 144; Kent's Com. 462. If the section under consideration is to be construed as meaning just what the section quoted from the act of 1857 means, then the words "for all debts and contracts" in the latter act, are wholly without meaning, and altogether superfluous.

Steele v. Dunne, 65 Ill. 298, is brought upon the same ninth section in the act of 1857, and is to the same effect.

Butler v. Walker, 80 Ill. 345, was predicated upon Sec. 16 of the general act for incorporating and regulating insurance companies, adopted March 11, 1869. That section provides that "the trustees and corporations of any company organized under this act, shall be severally liable for all debts or responsibilities of such company to the amount by him or them subscribed, until the whole amount of the capital of such company

shall have been paid in, and a certificate thereof recorded as hereinbefore provided." Here the liability is for all debts and responsibilities, just as in the two preceding cases it is for all debts and contracts, and the case is identical in principle with those cases, and still further corroborates our view.

In our opinion, an action at law cannot be maintained on the liability imposed by Sec. 16 of the act of 1872, and the Circuit Court erred in overruling the motion in arrest of judgment.

As there is no provision made by statute for changing an action at law into a bill in chancery, it would be a work of supererogation to remand this cause. The case. will not be remanded; but the judgment of the Circuit Court will be reversed, and a judgment will be rendered in this court against the appellee for costs of suit. Moreover, we are informed that many other cases are depending upon the determination of this suit, and this course will facilitate a review of our decision in the Supreme Court, should such review be desired.

Reversed.

TANNER, P. J., dissenting