HENRY G. HARPER

*v.*

THE UNION MANUFACTURING COMPANY *et al.*

*Filed at Ottawa September 26, 1881.*

1. STOCKHOLDERS—*liability for debts of corporation—by whom and how enforced.* Under section 9 of the act of 1857, relating to manufacturing corporations, the stockholders are made severally and individually liable to the "creditors" of the company to the amount of stock held by them, for all

15—100 ILL.

debts, etc., made by such company prior to the time when the whole capital stock shall have been paid in. This liability can not be enforced by a single creditor, suing in his own behalf, alone. It can be enforced only upon a bill brought by, or at least in behalf of, all the creditors of the corporation.

2. SAME—*stockholders' liability not enforceable until assets of the corporation are, exhausted—parties to bill.* Stockholders in a corporation organized under a law making them liable individually "to the creditors" of the corporation, will not be required to pay any portion of the debts until the assets of the corporation are first exhausted. If such assets are in the hands of an assignee for the benefit of creditors, he will be a necessary party to a bill in chancery to enforce the stockholders' individual liability.

3. SAME—*quære, whether the act of 1857 is superseded by act of 1872.* The court are inclined to think that the provisions of the act of 1857, relating to corporations, and making stockholders individually liable for the debts of the corporations, were superseded and became inoperative by reason of the general law of 1872 upon the same subject, but find it unnecessary to adjudge that question.

APPEAL from the Appellate Court for the Second District; heard in that court on appeal from the Circuit Court of Whiteside county.

Mr. F. SACKETT, for the appellant:

When a new liability is imposed, or a new cause of action is given by statute, and no remedy is provided by the statute, the right to resort to the appropriate common law form of action is implied. 1 Term Rep. 512; *Corwith* v. *Culver*, 69 Ill. 502; *Culver* v. *The Third National Bank of Chicago*, 64 id. 528.

In the case of *Richardson* v. *Akin*, 87 Ill. 138, the Supreme Court held, that since the act of 1872, concerning corporations for pecuniary profit, took effect, a court of law has no jurisdiction of a suit by a creditor of such corporation against a stockholder, unless his debt accrued before the act of 1872 took effect,—the remedy, if any, being in equity.

This decision is but an application of another uniform rule of law, that where a statute imposes a liability or creates a new cause of action, and a remedy for its enforcement is expressly given by the statute, that remedy is exclusive, and

no other can be adopted. *Almy* v. *Harris*, 5 Johnson, 175; Broom's Legal Maxims, marg. pp. 145–149; *Confrey* v. *Stark*, 73 Ill. 187.

One objection is, that our only right to proceed against the stockholders, to enforce their liabilities, is conferred by the 25th section of the act of 1872; and that the provision of that section, which declares that "each stockholder may be required to pay his *pro rata* share of such debts or liabilities, to the extent of the unpaid portion of his stock, after exhausting the assets of such corporation," by implication repeals all laws making stockholders liable, otherwise than for the unpaid portion of their capital stock,—that the mention of one class of stockholders by implication excludes all others.

Messrs. BENNETT & GREEN, for the appellees Smith, Williams, Wood, Hubbard, Korn, Chase, Long, Parks, Goodell, Jenne and Buell:

It is well recognized law that members of a corporation are not liable at common law, individually, for the debts of the corporation, and if liable at all, are so by statute. (Thompson's Liability of Stockholders, sec. 4, and cases cited.) And that when the liability of the stockholder is claimed to arise out of the failure of an officer to perform some act, as, the filing of a certificate that stock has been paid in, it is penal in its nature, and should be strictly construed. (Thompson's Liability of Stockholders, secs. 50, 54; *Garrison* v. *Howe*, 17 N. Y. 456; *Gray* v. *Coffin*, 9 Cush. 199.) And whenever a statute was designed to relieve stockholders from a more onerous liability imposed by a previous statute, it is entitled to be construed remedially in their favor. Thompson's Liability of Stockholders, sec. 55, and cases cited; *Holyoke Bank* v. *Goodman Paper Co.* 9 Cush. 582.

This right of individual liability of stockholders is in the nature of a penalty, and not a vested right, until after a debt is contracted. Cooley on Const. Lim. 359; Thompson's Lia-

bility of Stockholders, secs. 71, 72; *Richardson* v. *Akin,* 87 Ill. 138.

A repeal of an individual liability law is valid as ·to after contracted debts, and stockholders afterward joining the corporation. Thompson's Liability of Stockholders, sec. 72; *Ochiltree* v. *Railroad Co.* 21 Wall. 249; *Gray* v. *Coffin,* 9 Cush. 192.

. Although the general law of 1857, under which the Union Manufacturing Company was organized, contained no special clause allowing the legislature to repeal or modify it as to corporations organized under it, yet the legislature has such power when its exercise affects no vested rights. *Gay* v. *Keys,* 30 Ill. 413; *Richardson* v. *Akin,* 87 id. 138; *Bailey* v. *Hallister,* 26 N. Y. 112.

An inspection of section 16 of the act of 1872, providing for the liability of the officers and directors above referred to, shows that by the language of the section it is not limited to corporations organized under the laws of 1872.

Section 25 of the same act, under which this suit is brought, and in accordance with the provisions of which appellant must recover, if he recover at all, fixes the limit to which the liability of the stockholder may be enforced by such mode, "to the extent of the unpaid portion of his stock, after exhausting the assets of the corporation." The mode of procedure and the limit of enforcement by such mode are connected in the same clause; and keeping in view the strict construction to be given such statutes, can any one fairly claim that by such mode any liability of a stockholder, beyond the limit thus named, can be enforced?

Messrs. DINSMOOR, STAGER & DINSMOOR, for the appellees Royer and Mickle:

The bill should have been filed in behalf of all the creditors. *Mann* v. *Pentz,* 3 N. Y. 415; *Crease* v. *Babcock,* 10 Metc. 531; *Adler* v. *Milwaukee Patent Brick Mfg. Co.* 13 Wis. 70.

Nance, the assignee, should have been made a party. *Hopkins* v. *Roseclare Lead Co.* 72 Ill. 373.

From the bill and answers it appeared whether or not these persons were necessary parties. If complainant had desired to make them parties, he should have done so before the hearing. If he had asked leave on the hearing, it would undoubtedly have been granted on terms, but as he never asked leave it was the duty of the court to dismiss the bill. *Atkins* v. *Billings,* 73 Ill. 597; *Searles* v. *Jacksonville, P. and M. Railroad Co.* 2 Wood, 621.

Messrs. MANAHAN & WARD, for the appellee R. B. Witmer:

The statutory provisions govern and limit the liability of the stockholder. *Baker et al.* v. *Backus, Admr.* 32 Ill. 99.

The legislature has the power, before rights of creditors have attached, to change or abolish the statutory liability. *Coffin* v. *Rich,* 45 Me. 507.

The acts of April 18, 1872, and March 26, 1872, govern this case.

By section 25 of the act of 1872 the remedy is solely in equity, and jointly against all of the stockholders with the corporation, and perhaps all of the creditors must join. The appellant has brought his suit and sought his remedy under section 25 of the act of 1872, but declines to be bound by its limitations.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

This is a suit in chancery, brought by Harper against the Union Manufacturing Company and Taylor Williams, and others, constituting all the stockholders of that company, to coerce the payment to the complainant of a judgment of over $2000, recovered in the circuit court of Whiteside county in September, 1877, against the corporation and in favor of one Hotchkiss, for the use of the complainant. The debts were contracted in the months of March and May, 1876. It

is alleged in the bill that the defendant stockholders were each stockholders of the corporation at the time these debts were contracted by the corporation, each to the extent of at least $3000. In June, 1877, the corporation had become insolvent, and made an assignment for the benefit of its creditors of all of its property and effects to George W. Nance.

The liability of the defendant stockholders, mentioned in the bill, is placed upon two grounds: The first ground rests upon the allegation that each of the defendant stockholders was indebted to the corporation upon a stock subscription,—this allegation is not supported by the proofs. The second ground rests upon the allegation that, at the time these debts were contracted by the corporation, the whole amount of its capital stock had not been paid in, and a certificate thereof made and filed in the office of the clerk of the circuit court of the county wherein the business of the company was transacted.

The liability, on this account, of the defendant stockholders is claimed upon the provisions of the 9th and 10th sections of the act of 1857, relating to corporations of this character.

Section 9 declares: "All the stockholders of every such company shall be severally individually liable *to the creditors* of the company to an amount equal to the amount of stock held by them, respectively, for all debts and contracts made by such company prior to the time when the whole amount of its capital stock shall have been paid in, and a certificate thereof made and filed as hereinafter required."

Section 10 provides for the making, by a majority of the directors of the company, of a sworn certificate, stating the amount of the capital stock, and that it has all been paid in; and for the filing of the same in the office of the clerk of the circuit court of the proper county.

The 16th section of chapter 32 of the Revised Statutes of 1874, is as follows: "If the indebtedness of any stock corporation exceed the amount of its capital stock, the directors

and officers of said corporation assenting thereto, shall be personally and individually liable for such excess *to the. creditors* of such corporation.

In the case of *Low* v. *Buchanan*, 94 Ill. 76, this court, in construing this latter section, held that the phrase "to the creditors," meant to "all the creditors;" and that the liability in such case of such directors and officers was "not to some particular creditor, but to all the creditors."

It is not perceived that the language of the 9th section of the act of 1857 can admit of any other or different construction than that given to the 16th section by this court in the case of *Low* v. *Buchanan*. It follows, whatever may be said in relation to other questions raised and discussed by counsel in this case, that the relief sought in this behalf could only be had upon a bill brought by, or at least in behalf of, all the creditors of the corporation. This bill being brought but by one creditor, and in his own behalf, alone, and no application having been made to the court for leave to amend in this respect, the circuit court was clearly right in dismissing the bill.

The assignee of the corporation was also a necessary party. It would clearly be inequitable to require the individual stockholders to pay any portion of the liability of the corporation until the assets of the corporation were exhausted. These, as shown by the record, were in the hands of an assignee.

We are also inclined to think that the provisions of the act of 1857, upon which this claim rests, were superseded and became inoperative by reason of the general law of 1872, upon the same subject; but we find it unnecessary in disposing of this case to adjudge that question.

The judgment of the Appellate Court is therefore affirmed.

*Judgment affirmed.*