## Daniel Robertson et al.

### v.

## Nicolaus Noeninger.

1. Corporations—Stockholders—Garnishment.—Under § 8 of the chapter on Corporations in the statutes, by the proceeding in garnishment, stockholders may be compelled to pay to the garnishing creditor any balance unpaid upon stock owned by them respectively, whether such stock is called in or not.

2. Same—Liability in equity.—But under § 25, when the proceeding must be by suit in equity, the stockholders' liability to pay anything on his unpaid stock is deferred until the assets of the corporation are exhausted.

Error to the Circuit Court of Cook county; the Hon. Murray F. Tuley, Judge, presiding. Opinion filed October 27, 1886.

On January 5, 1886, in the Circuit Court of Cook county, a bill was filed by the defendant in error against the Texas Continental Transportation Company, the plaintiffs in error and others, alleging that complainant had recovered a judgment in the Superior Court of Cook county against the said Texas Continental Transportation Company for upward of thirteen thousand dollars; that an execution on said judgment was duly issued, and was returned by the sheriff on December 12, 1885, no property found and no part satisfied; that more than ten days have elapsed since the demand of payment on said execution; that said corporation was engaged in business in divers places in 1882, and that divers persons became indebted to it to a large amount which is still due; that said cor-

poration holds securities to a large amount and other personal
property which ought to be applied in payment of said judg-
ment; that complainant has reason to believe and does believe
that said corporation has property or effects of the value of
more than $15,000, which complainant has been unable to
reach by said execution.    The bill prays for a discovery as to
amount and nature of corporation's assets; alleges that cor-
poration has a capital stock of $500,000 in shares of $100
each, which was subscribed for and held by defendants there-
inatter named, but can not state how many shares each defend-
ant held; states that none of the shares so held were paid for in
full, but each of said defendants is largely indebted for amount
of stock so held by him; claims that the amount due for shares
of stock are assets and should be applied to pay judgment;
alleges that M. R. Wood, Daniel Robertson, E. E. Wood (and
upwards of thirty others who are named in the bill,) "were
stockholders and owners of stock in the Texas Continental
Transportation Company at the time of the rendition of the
judgment aforesaid, and that none of said stockholders held or
owned paid-up stock at the time of the rendition of the judg-
ment, and prays that said persons so named as stockholders
may be made defendants in the suit and that each may be re-
quired to pay his *pro rata* share of said debt or liability to the
extent of his unpaid portion of his stock toward satisfying the
judgment and costs of complainant aforesaid," and if any
stockholders aforesaid shall not have property enough to sat-
isfy his portion of said judgment aforesaid, then the amount
so due and owing by said stockholders shall be divided equally
among solvent stockholders aforesaid.    Prayer for general
relief.

On Jan. 15, 1886, on motion of complainant's solicitor, a re-
ceiver of all the assets of the corporation was appointed.    An-
swers were filed by some of the defendants named in the bill,
but the plaintiffs in error failing to answer, their default was
duly entered.

April 21, 1886, there was a reference to a master to take tes-
timony, and on July 3, 1886, decree was entered against the
plaintiffs in error, upon the bill taken as confessed and upon

the proofs heard, from which the court found that complainant was a creditor of the defendant corporation, which was incorporated under the laws of Illinois; that he recovered judgment and had execution as alleged in the bill; finds capital stock of corporation was $500,000; that the plaintiffs in error were stockholders; that E. E. Wood held and owned twenty-five shares, M. R. Wood twenty-five shares and Daniel Robertson seventy-five shares of said stock at the time of the rendition of said judgment, which had never been fully paid for to said corporation; that there was due said corporation on stock of E. E. Wood the sum of $1,250, on stock of M. R. Wood $1,250 and on stock of Daniel Robertson $3,750.

" Thereupon this court doth adjudge, order and decree that said sums of money so due and owing as aforesaid, are assets of said corporation, and that complainant has an equitable lien thereon by virtue of said judgment. Thereupon the court doth order, adjudge and decree that said E. E. Wood pay the complainant the sum of $1,250 within ten days from date; that said M. R. Wood pay the complainant the sum of $1,250 within ten days from date; that said Daniel Robertson pay the complainant the sum of $3,750 within ten days from date, and that in default thereof the complainant have execution as upon a judgment at law against each of said defendants severally, who make default to collect the amount due and owing by them respectively."

The record is brought to this court by a writ of error and numerous errors are assigned against the decree.

Messrs. Campbell, Hamilton & Custer, and Messrs. Cook & Lawrence, for plaintiffs in error; as to the nature of the proceeding in garnishment under § 8 of the statute, cited Pease v. Underwriters Union, 1 Bradwell, 290 ; Peck v. Coalfield Coal Co., 3 Bradwell, 622 ; Un. Mut. Life Ins. Co. v. Slee, 110 Ill. 35.

The decree is not in accordance with the prayer of the bill: Heath v. Hurless, 73 Ill. 323 ; Dodge v. Wright, 48 Ill. 382 ; Hall v. Lowrie, 45 Ill. 493; Ward v. Enders, 29 Ill. 519.

Sec. 25 of the General Incorporation Law, limits and fixes

the liability of stockholders for the payment of the debts of the corporation. It is a part of the contract each stockholder made when he subscribed for, or took stock, and therefore in no event could this decree be for more than a *pro rata* share of the complainant's indebtedness, as such *pro rata* share had been determined by proper evidence in the case: Wincock v. Turpin, 96 Ill. 144; Hickling v. Wilson, 104 Ill. 54; Richardson v. Akin, 87 Ill. 138; 1 Pomeroy's Equity Jur. §§ 406, 407; Pollard v. Bailey, 20 Wall. 376.

Mr. J. R. ANDERSON, for defendant in error; that by commencing the suit by creditor's bill, an equitable lien was at once acquired upon all the equitable assets of the company, cited Storms v. Waddell, 2 Sand. Ch. R. 494; First Nat. Bk. v. Gage, 93 Ill. 172; Lynch v. Johnson, 48 N. Y. (3 Sick.) 27, 33; Roberts v. Albany R. R. Co., 25 Barb. 662.

By the act of 1872, stockholders are jointly and severally liable for the amount equal to their unpaid stock: Thompson v. Meisser, 108 Ill. 358; Coalfield Co. v. Peck, 98 Ill. 139.

MORAN, J. It does not appear from the record that the Texas Continental Transportation Company was organized under the General Incorporation Act of the State of Illinois, in force July 1, 1872, but the counsel for both parties in their arguments in the briefs on file in this court, discuss the question presented, on the theory that the corporation was formed under said general act. In deciding the case we shall therefore assume that the corporation in question was organized under the General Incorporation Act. Section 25 of said act is as follows: "If any corporation or its authorized agents shall do or refrain from doing any act which shall subject it to a forfeiture of its charter or corporate powers, or shall allow any execution, or decree of any court of record for a payment of money, after demand made by the officer, to be returned ' no property found ' or to remain unsatisfied for not less than ten days after such demand, or shall dissolve or cease doing business, leaving debts unpaid, suits in equity may be brought against all persons who were stockholders at the time or

Robertson v. Noeninger.

liable in any way for the debts of the corporation by joining the corporation in such suit; and each stockholder may be required to pay his *pro rata* share of such debts or liabilities to the extent of the unpaid portion of his stock, after exhausting the assets of such corporation. And if any stockholder shall not have property enough to satisfy his portion of such debts or liabilities, then the amount shall be divided equally among all the remaining solvent stockholders. And courts of equity shall have full power on good cause shown, to dissolve or close up the business of a corporation or appoint a receiver," etc.

It will be seen that the section limits the liability of stockholders, when suits in equity are brought against them, jointly with the corporation, to paying their *pro rata* share of the debts of the corporation, after the assets of the corporation are exhausted. It is plain from the allegations of the bill, that it was framed to reach the remedy provided in the 25th section of the law, and the special prayer for relief is in the words of the act. It is true the bill has a general prayer for relief, and it is also true that under such general prayer any appropriate relief might be granted to which the complainant, by the allegations in his bill and the evidence adduced, shows himself equitably entitled. The relief must be relief which the court has the legal power to grant, however, and the court has no power under such general prayer for relief, to enter a decree subjecting a stockholder in a corporation formed under the General Incorporation Act, to a liability different from or greater than that imposed upon him by the provisions of that act.

By sections 8 and 25 of that act, the liability of stockholders in corporations formed under it are defined and limited. Under section 8, by the proceeding in garnishment, stockholders may be compelled to pay to the garnishing creditor any balance unpaid upon stock owned by them respectively, whether such balance is called in or not. Coalfield Co. v. Peck, 98 Ill. 139.

But under section 25, when the proceeding must be by suit in equity, the stockholder's liability to pay anything on his unpaid stock is deferred until the assets of the corporation are

exhausted. It would be inequitable to require the individual stockholders to pay any portion of the liability of the corporation debts until the assets of the corporation are ascertained and fully applied, or their insufficiency clearly shown. Harper v. Union Manufacturing Co., 100 Ill. 225.

The proceeding involves equities between the stockholders who are defendants, and who have not paid the amount of their subscriptions, and contemplates not merely payment of the debt of one corporation creditor, but the ascertaining the debts and the liabilities of the corporation and the dissolution and closing up of the company. There is a clear distinction between the rights of a creditor as against a stockholder in a corporation organized under this general law, and one created by special charter. The cases cited by counsel for defendant in error, in which creditors of the corporations were permitted to reach, through a creditor's bill, the balance unpaid on stock of individual stockholders, are in all cases under special charters, where there was a general liability for unpaid stock. Such are the cases of Hickling v. Wilson, 104 Ill. 54, and Hatch v. Dana, 101 U. S. 205.

The liability of the stockholder is upon his subscription, and when the incorporation act fixes the measure of that liability and prescribes the method and conditions of its enforcement, the conditions must be observed and the method prescribed must be pursued ; and where the law requires the stockholder to pay only his *pro rata* share of the debts after the assets of the corporation shall have been exhausted, it is error to decree to a creditor, to be applied in satisfaction of his debt, the whole amount that any stockholder may owe upon his stock, without finding that the assets have been exhausted, and that all other stockholders with whom he should *pro rate* are insolvent. Patterson v. Lynde et al. 112 Ill. 196.

The decree of the circuit court in ordering as it did, that the plaintiffs in error should pay to the complainant in the bill the whole amount found due on the stock held by them respectively, without ascertaining under the conditions of section 25 the *pro rata* that might be required of them, was unauthorized, and must therefore be reversed and the case remanded.

Reversed and remanded.