## JOHN J. CURRAN, IMPL'D, ETC.,

### v.

## BRADNER, SMITH & COMPANY ET AL.

*Corporations—Liability of Stockholders—Practice—Sec. 25, Act of 1872·*

1. Creditors of corporations organized under or subject to the provisions of the act of 1872, pursuing their remedies against the holders of the stock wholly or partially unpaid, can do so, except so far as Sec. 8 applies, only in the manner provided in Sec. 25 of that act.

2 To enforce such liability the bill must be by or on behalf of all the creditors against all the stockholders.

3. This court reverses a decree which charges a single stockholder and makes no finding as to whether the assets of the corporation were exhausted.

[Opinion filed December 18, 1888.]

APPEAL from the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge, presiding.

Mr. ELBRIDGE HANECY, for appellant.

Mr. JOHN S. STEVENS, for Bradner, Smith & Co., appellee.

Messrs. McCLELLAN & CUMMINS, for Parsons & Hicks, appellees.

GARY, J. This was a bill in chancery filed by Bradner, Smith & Co., a corporation, against the Mail Publishing Company, also alleged to be a corporation, and appellant. Originally there was another defendant, not a stockholder, but as nothing in the case is affected by that circumstance, it is enough to say that as to that defendant, the bill was voluntarily dismissed. The appellant answered the bill. Afterward the appellees, Parsons and Hicks, partners as W. H. Parsons & Co., in a petition entitled in the suit then pending, prayed that they might be made parties complainant to the

bill.    The bill alleged the recovery of judgment by Bradner, Smith & Co., against the Mail Publishing Company, an execution thereon returned unsatisfied, and that appellant was a stockholder, and his shares not paid for.    The petition alleged the recovery of judgment by Parsons and Hicks, an execution, returned unsatisfied, and adopted the allegations of the bill.    No rule to answer, nor any answer in fact, to the petition, was made upon, or by anybody.    The Mail Publishing Company never answered anything, nor was anything, bill or petition, taken as confessed against them.    There is no finding whether they were solvent or insolvent, or had any assets.

The record shows that the statutory proceedings for organizing the company were taken in February and March, 1884, resulting in the subscription for the whole capital stock of $30,000, in shares of $100 each.

The subscribers were E. R. Dillingham, Jr., 25 shares; E. C. Stevens, 50 shares; appellant, 75 shares, and R. E. McRea 150 shares.    And on the 24th day of March, 1884, the subscribers for the shares met and elected a board of five directors.    On the 29th of the same month the proper record in the office of the recorder was made.    So far as the record shows, this was the last formal corporate act.    No certificates of shares were issued, no executive officers elected, no by-laws adopted, no stock or other corporation books opened or procured.

Appellants, Dillingham and Stevens, with machinery furnished by appellant, and some money by the others, seem to have published a newspaper for a while, when appellant sold out to the other two for $5,500 cash.    The parties themselves seem to have forgotten or disregarded the steps they had taken to form a corporation, and treated the machinery of the appellant as the subject of the sale.    Thereafter appellant gave no further attention to the business.

It is the doctrine of this court, and, as it is understood here, the doctrine of the Supreme Court, that creditors of corporations organized under, or subject to the provisions of the act of 1872, pursuing their remedy against the holders of stock wholly or partially unpaid, can do so (except so far as Sec. 8

applies, which has no reference to the mode of proceeding adopted in this case), only in the manner provided in Sec. 25 of that act. Robertson v. Noeninger, 20 Ill. App. 227; Richardson v. Akin, 87 Ill. 138; Low v. Buchanan, 94 Ill. 76; Harper v. Union Mfg. Co., 100 Ill. 225; Patterson v. Lynde, 112 Ill. 196. See also, Buchanan v. Bartow Iron Co., 3 Ill. App. 191.

Under that section "a stockholder may be required to pay his *pro rata* share" of the debts of the corporation "to the extent of the unpaid portion of his stock, after exhausting the assets of such corporation."

Sec. 8 declares the liability of the stockholder "shall be for the debts of the corporation to the extent of the amount that may be unpaid upon the stock held by him, to be collected in the manner herein provided." The word "herein" refers to the whole chapter, and not merely to that section.

It is true that none of the cases cited support in express terms the whole proposition, that to enforce the liability of the stockholders (except under the provisions of Sec. 8 by garnishment), a bill must be by, or on behalf of, all the creditors and against all the stockholders, but that proposition is a necessary result from them. The case in the 87th holds (overlooking the remedy by garnishment), the "remedy is limited to courts of equity." That in the 94th, that the liability to the creditors under Sec. 16, is "a trust fund to be collected and divided *pro rata* among all the creditors." In the 100th the bill to enforce the liability of stockholders under Sec. 9 of the act of 1857 "to the creditors" was dismissed partly because it was "brought but by one creditor, and in his own behalf alone," while the relief "could only be had upon a bill brought by, or at least in behalf of all the creditors of the corporation;" and in the 112th, in discussing the liability of a stockholder in an Oregon corporation, under the words, "shall be liable for the indebtedness of the corporation," it is said, "a decree that one stockholder should pay, or that one creditor should be paid, must be partial and incomplete, and might be grossly inequitable and unjust." The phrases "for the debts" (Sec 8), "to the creditors," (cases in 94th and 100th), and "for the indebtedness" (the Oregon

case, 112th), express the same idea, and impose the same burden.

The bill in this case was in behalf of all creditors, but against a single stockholder.

Sec. 49 of the Chancery Act, has no application to cases of this character. If it had (a notion that seems to have occurred to nobody), the case in the 100th should have been decided the other way, for the only objections there were that the complainant did not file his bill on behalf of all the creditors, and make the assignee of the corporation a defendant. In enforcing the liability of stockholders, the rule that "equality is equity," both as to creditors and stockholders, however illusory it may prove in practice, is firmly established by authority.

As the decree in this case makes no finding as to whether the assets of the corporation were exhausted, and charges the appellant alone, not bringing in the other stockholders, it is directly contrary to the decision of this court in 20 Ill. App. 227, and must be reversed.

There are very serious questions relating to the organization of the corporation—whether the parties printing the paper were doing so as the agents of a corporate body, or were liable to the world as partners; if the latter, who were liable—that are left untouched, and as to which no inference is to be drawn from this opinion.

*Reversed and remanded.*