## Buda Foundry and Manufacturing Company v. The Columbian Celebration Company et al.

1. CORPORATION—*Power to Dissolve—Construction of Sec. 25, Ch. 32, R. S.*—The power to dissolve a corporation is only a portion of the relief provided for by section 25, chapter 32, R. S., entitled Corporations. Two remedies are given: one to apply the assets in payment of debts and in case of their insufficiency to enforce against the stockholders their liability for unpaid stock; the other is in cases where a cause for forfeiture exists to declare such forfeiture, and decree a dissolution. The court may grant relief by the first remedy without resorting to the second; it may find it unnecessary to decree a dissolution.

2. SAME—*Remedy of Contract Creditors.*—Under section 25, chapter 32, R. S., entitled Corporations, a simple contract creditor may proceed to collect his debt without asking for a dissolution of the corporation.

3. PRACTICE IN CHANCERY—*Want of Parties.*—The want of proper parties to a proceeding in chancery, when appearing on the face of the bill, must be specially assigned on demurrer.

4. PARTIES—*In Proceedings Against Corporation.*—In a proceeding by a contract creditor, under section 25 of chapter 32, R. S., against a corporation, the assets of which are in the hands of a receiver, such receiver is an indispensable party.

**Memorandum.**—In Chancery. Appeal from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Bill against a corporation and its stockholders, under section 25, chapter 32, R. S. Hearing and bill dismissed; appeal by complainant. Heard in this court at the October term, 1894. Opinion filed December 6, 1894.

Hamline, Scott & Lord, attorneys for appellant.

Brief of The Columbian Celebration Company, E. W. Gillett, E. B. Butler, B. A. Eckhart, E. L. Brewster, A. C. McClurg, Andrew McNally, C. L. Hutchinson, C. I. Peck, F. W. Peck, John Cudahy, John C. Hately, Norman B. Ream, C. H. Deere, E. L. Lobdell, R. T. Lyon, H. C. DeCamp, John T. Shayne, Fred. A. Cary, J. O. Hinckley, W. S. Hinckley, C. W. Hinckley, H. V. Halbert, W. J. Taylor, J. W. Porter, E. R. Baker, H. H. Getty, H. E. Weaver, J. H. Bradshaw, Charles E. Maxwell, Robert L. Henry, T. G. Logan, E. H. Phelps, L. W. Bodman, W. A. Thrall, W. G. Talcott, B. M. Frees, Anthony Schmitt, C. W. Fullerton, Edward Barbour, William Kent, W. H. Lee, G. M. Young, Lyman Ware, E. C. Berriman, Lovisa A. Barnum, A. J. Valentine, F. W. Morgan, Sara Steenberg, Sidney C White, Homer P. Knapp, Clarence R. Gillett, Walter F. Crone, Henry C. Gray, L. A. Westcott, H. A. Rowland, J. O. Twichell, and Benjamin F. DeMuth, Appellees; Leroy D. Thoman, Attorney.

Appellees contended that where a franchise is involved, the Appellate Court has no jurisdiction and can not entertain an appeal. S. & C. Stat., Chap. 37, Sec. 28; S. & C. Stat., Chap. 110, Sec. 89; St. L. & S. C. & M. Co. v. Edwards, 103 Ill. 472; Drummond Tobacco Co. v. Randle, 114 Ill. 412; People v. O'Hair, 128 Ill. 20; Hayes v. O'Brien, 149 Ill. 403; Martin v. Collins, 7 Ill. App. 353; Kepley v. Luke, 10 Ill. App. 403; R. R. v. Dunbar, 95 Ill. 579; People v. City of Spring Valley, 129 Ill. 169; Wab., St. L. & Pac. Ry. Co. v. Stephens, 14 Ill. App. 507; Ill. Cent. R. R. Co. v. Wallenburg, 14 Ill. App. 508; Bohn v. Harris, 31 Ill. App. 27; Bangs v. Brown, 110 Ill. 97.

Where jurisdiction of the subject-matter has been acquired, and a receiver has been appointed, a court of co-ordinate jurisdiction will not interfere. Mason v. Piggott, 11 Ill. 85; Ross v. Buchanan, 13 Ill. 55; Whitney v. Stevens, 97 Ill. 482; Mail v. Maxwell, 107 Ill. 554; Mount v. Scholes,

21 Ill. App. 192; High on Receivers, Section 48; Young v. M. & E. R. Co., 2 Woods, 606; Young v. Rawlins, 85 N. C. 485; Wheeler v. Pullman Iron & Steel Co., 148 Ill. 197; Queenan v. Palmer, 117 Ill. 619; Washburn v. People, 50 Ill. App. 93; Butler Paper Co. v. Robbins, 38 N. E. Rep. 153.

All holders of unpaid stock at the time when the company ceased doing business, and all persons who, at that time, were liable in any way for the debts of the company, must be made parties defendant. Robertson v. Noeninger, 20 Ill. App. 227; Curran v. Bradner Smith & Co., 27 Ill., 582; Patterson v. Lynde, 112 Ill. 196; Adler v. Brick Co., 13 Wis. 57; Dunston v. Hoptonic Co., 31 Am. Eng. Corp. Cases, 475; Colman v. White, 14 Wis. 700; Mann v. Pentz, 3 N. Y. 415; Winston v. Dorset & Co., 27 App. 546; Chandler v. Brown, 77 Ill. 333; Mail v. Maxwell, 107 Ill. 554; Herrington v. Hubbard, 1 Scam. 569.

The stockholder's liability under section 25, is an equitable one, and therefore can not be enforced by a simple contract creditor. Wolverton v. Taylor, 43 Ill. App. 424; Shalucky v. Field, 124 Ill. 617; Wolverton v. Taylor, 132 Ill. 197; Appeal of Means, 85 Pa. St. 75; Alling v. Wenzel, 133 Ill. 264; Curran v. Bradner Smith & Co., 27 Ill. App. 582; Coalfield Co. v. Peck, 98 Ill. 139; Cook on Stock and Stockholders, Sec. 219; Hollins v. Brierfield Coal & Iron Co., United States Supreme Court, decided Nov. 20, 1893.

Brief of the American Trust and Savings Bank, Franklin H. Head, Katharine P. Head, Elizabeth P. Head, Margaret H. Perkins, Bronson B. Tuttle, John H. Whitemore, and James N. Witherell, Appellees; Moran, Kraus & Mayer, Attorneys.

Complainant can not maintain its bill, and the demurrer was properly sustained and the bill dismissed, because it had not exhausted its legal remedies.

The acts of 1849 and 1857 and the special charters following their policy, with the decisions on them, do not bear on

the act of 1872, because that act evinces an entirely different policy and enforces a radically different liability against stockholders. Tarbell v. Page, 24 Ill. 46; Baker v. Adm'r of Backus, 32 Ill. 79–100; Wincock v. Turpin, 96 Ill. 135; Eames v. Doris, 102 Ill. 350; Tunesma v. Schuttler, 114 Ill. 156; Queenan v. Palmer, 117 Ill. 619; Culver v. Third National Bank, 64 Ill. 528; Corwith v. Culver, 69 Ill. 502; Fuller v. Ledden, 87 Ill. 312; McCarthy v. Lavasche, 89 Ill. 270; Thompson v. Meisser, 108 Ill. 362; Helmle v. Queenan, 18 Ill. App. 103–112; Buchanan v. Meisser, 105 Ill. 642; Root v. Sinnock, 120 Ill. 331; Steele v. Dunne, 65 Ill. 298.

The authorities upon section 16 of the act of 1872 are for the same reason inapplicable. Buchanan v. Barstow Iron Co., 3 Ill. App. 191; Low v. Buchanan, 94 Ill. 76; Wolverton v. G. H. Taylor Co., 43 Ill. App. 424.

The section provides for an equitable remedy in the nature of a creditor's bill, and is to be resorted to only after exhaustion of legal remedies. Hunt v. Le Grand Roller Skating Rink Co., 143 Ill. 118; Patterson v. Lynde, 112 Ill. 196; Wetherbee v. Baker, 35 N. J. Eq. 501; Taylor v. Bowker, 111 U. S. 110; Wright v. McCormick, 17 Oh. St. 87; Turnbull v. Prentiss L. Co., 55 Mich. 387.

The remedy under section 25 is inclusive of the rights of judgment creditors, in all events, and no ordinary creditor's bill can be maintained to collect the unpaid subscription of a stockholder in a company organized under the act of 1872. Robertson v. Noeninger, 20 Ill. App. 227; Curran v. Bradner Smith & Co., 27 Ill. App. 582; Bickley v. Schlag, 46 N. J. Eq. 533.

The construction urged by appellant's counsel would make section 25 unconstitutional. Section 5 of Article 2, Constitution of Illinois; Gore v. Kramer, 117 Ill. 176; Taylor v. Wolverton, 37 Ill. App. 358; Scott v. Neely, 140 U. S. 106; Atlanta & F. R. Co. v. Western Ry. Co., 50 Fed. Rep. 790.

The bill filed in the same court by Mackaye, and the appointment of a receiver thereunder, who is not made party to appellant's bill, constituted a bar thereto. Minn.

Thresher Mfg. Co. v. Langdon, 44 Minn. 37; Merchants N. Bk. v. N. W. Mfg. Car Co., 51 N. W. Rep. 119.

The Mackaye bill is not subject to collateral attack. Commercial Natl. Bk. v. Burch, 141 Ill. 519; Mellen v. Moline Malleable Iron Works, 131 U. S. 352; Hollins v. Brierfield Coal Co., 14 U. S. Supreme Ct. Rep. 127.

The bill filed by appellant makes no case against these appellees as stockholders, and the bill was properly dismissed as to them, they appearing to be innocent purchasers of stock issued by the Columbian Celebration Company as full-paid stock. 1 Cook on Stock and Stockholders, Sec. 50; Brant v. Ehlen, 59 Md. 1; Erskine v. Lowenstein, 11 Mo. App. 595; 82 Mo. 302; Foreman v. Bigelow, 4 Cliff. (U. S. C. C.) 508; Steacy v. L. R. & F. S. R. R. Co., 5 Dillon, (U. S. C. C.) 348; Coffin v. Ransdell, 110 Ind. 417; Young v. Iron Company, 65 Mich. 111, 126; Peck v. Coalfield Coal Co., 11 Ill. App. 88; Mallinckrodt Chem. Works v. Belleville Glass Co., 34 Ill. App. 404; Howe v. Ill. Agr. Works, 46 Ill. App. 85; Streator Car Seat Co. v. Rankin, 45 Ill. App. 226; Clapp v. Peterson, 104 Ill. 26; Handley v. Stutz, 139 U. S. 417; Sanger v. Upton, 91 U. S. 56; Christensen v. Eno, 106 N. Y. 97.

The American Trust and Savings Bank is not liable as a stockholder, as it holds stock only as a trustee. Section 23, Chap. 32, Starr & Curtis' Stat. Ill.; Burgess v. Seligman, 107 U. S. 20; Union L. Ass'n v. Seligman, 92 Mo. 635; Mathews v. Albert, 24 Md. 527; Howe v. Ill. Agr. Works, 46 Ill. App. 85.

Remy & Mann, attorneys for appellees Milton W. Kirk, Peter E. Studebaker, G. W. Hoffman and Curtis H. Remy.

George W. Smith and Murry Nelson, Jr., attorneys for Edson Keith and Murry Nelson, appellees.

A. B. Jenks, attorney for J. Foster Rhodes, appellee.

Mr. Justice Gary delivered the opinion of the Court.

The appellant filed the bill in this case as a simple con-

tract creditor against the Columbian Company and its stockholders, under Sec. 25, Ch. 32, Corporations, to obtain payment, and asked in the prayer of the bill that the business of the corporation be closed up, and the corporation dissolved.

It is now objected on behalf of the Columbian Company that this prayer takes the appeal out of the jurisdiction of this court, because it involves a franchise. But the bill having been dismissed below upon demurrer, the question now is, not whether the appellant is entitled to all that the bill asks, but whether it is entitled, if the bill be true, to any relief. As said in the Supreme Court in Chicago Steel Works v. Illinois Steel Company, opinion filed October 29, 1894:

" But the power to dissolve the corporation is only a portion of the relief provided for by section 25. Two remedies are therein given. One is to apply the assets in payment of the debts, and in case of their insufficiency for that purpose, to enforce against the stockholders their liability for unpaid stock. The other is in cases where a cause for forfeiture exists, to declare such forfeiture, and decree a dissolution of the corporation. The court may grant relief by the first remedy without resorting to the second. It may find it unnecessary to decree a dissolution."

And upon that ground the court held that a writ of error from that court to review an order of the Circuit Court appointing a receiver, must be dismissed; declining to decide the case upon the question of the interlocutory character of the order.

The objection to our jurisdiction is not well taken.

The grounds, applying to all the appellees, upon which the demurrers of the several appellees were sustained and the bill dismissed are, first, that the appellant had not exhausted its remedy at law by judgment and execution against the Columbian Company; and second, that the bill shows a former bill pending against the Columbian Company, under which a receiver had been appointed, who was in possession of all the tangible assets.

The judgment of the Supreme Court in Butler Paper Co. v. Robbins, 38 N. E. Rep. 153, and the unanswerable argument of a late judge of this court whose name is now upon the brief of part of the appellees, in Wolverton v. Taylor Co., 43 Ill. App. 424, which, though made upon Sec. 16 of the same act, is equally applicable to Sec. 25, dispose of the first ground. A simple contract creditor may proceed under Sec. 25.

The bill under which a receiver was in possession was filed by the principal promoter of the Columbian Company, and while it was ostensibly on behalf of himself and other creditors there was to it no other defendant than the Columbian Company.

It was not filed under Sec. 25. What the object of the bill, or the motive for filing it was, can only be conjectured.

It seems very like that of Graff as narrated in Weigley v. People, 51 Ill. App. 51, the judgment of this court in which case has been once approved by the Supreme Court, but, as we are informed, is now depending upon a rehearing.

But whatever the merits, the receiver under it, having the assets of the Columbian Company in his possession, is an indispensable party (Curran v. Bradner, 27 Ill. App. 582), and ought to have been made, and was not made, a defendant to the present bill; yet the want of parties must be specially assigned on demurrer. Mitf. Eq. Pl., 271; Dan. Chy., 289; Story, Eq. Pl., 543.

As to objections to the bill, special to several of the appellees, it is quite apparent that they have never received the attention of the Circuit Court.

The bill may or may not be defective in averments as to some of the appellees.

The decree dismissing the bill as to all the appellees is wrong, and if it ought to be dismissed as to some of the appellees for reasons which this opinion does not touch upon, the Circuit Court may winnow out those appellees from the multitude with whom they are intermingled.

At any rate, if the case goes to a final decree against any stockholders, the presence of the holders of all stock in any

capacity or character is necessary in determining the *pro rata* of those who may be liable.

The statute is that the suit shall be against all "who were stockholders;" and as part of the decree may be a dissolution of the corporation, the general rule of equity requires that all who have a legal or equitable interest in it, should be before the court; else they would not be concluded by the decree. Great Western Telegraph Co. v. Gray, 122 Ill. 631, citing cases in 77 and 102 Ill.

The decree is reversed and the cause remanded for such further proceedings as to equity may appertain.