# J. V. Northam & Co. v. John M. Atherton.

1. APPEALS—*From Interlocutory Orders—What Question Raised by.*—An appeal from an interlocutory order appointing a receiver does not raise the question whether other relief prayed by a bill should be granted.

2. CORPORATIONS—*A Creditor, Whose Debts are Not Due, May Have Receiver Appointed.*—A simple contract creditor may file a bill to dissolve a corporation and appoint a receiver to wind up its affairs under the provisions of Sec. 25 of Chap. 32 R. S., nor does it matter that none of his debts are due. Proceedings under this section are for the benefit of all the creditors *pro rata* of an insolvent corporation.

**Bill,** for receiver for and dissolution of corporation. Appeal from the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed December 14, 1896.

COLIN C. H. FYFFE, attorney for appellant; ISHAM, LINCOLN & BEALE, of counsel.

A court of chancery is without jurisdiction to decree the dissolution of a corporation, except so far as that jurisdiction is conferred by statute. Such jurisdiction is derived alone from section 25, chapter 32, R. S., and not from the general equity powers of the court, sitting as a court of chancery. People v. Weigley, 155 Ill. 503; High on Receivers, Sec. 288; Bangs v. McIntosh, 23 Barb. 591.

The statutory authority, under which a receiver of a corporation is appointed and the company thereby divested of the control of its property and affairs, must be strictly pursued.   In such cases, courts of equity will, in the language of the decisions and text-books " proceed with extreme caution."   The power, where it exists, is distinctly an " extraordinary " power.   High on Receivers, Secs. 290, 292; People v. Weigley, 155 Ill. 503; Bangs v. McIntosh, 23 Barb. 591; Oakley v. Peterson Bank, 1 Green's Ch. 173; Baker v. Adm'r of Backus, 32 Ill. 79.

ROSENTHAL, KURZ & HIRSCHL, attorneys for appellee.

" The legal acceptation of a debt is a sum of money due by certain and express agreement."   3 Bl. Com. 154.   It need not be presently payable or matured.   Elkins v. Wolfe, 44 Ill. App. 376; Leggett v. Bank of Sing Sing, 24 N. Y. 283; U. S. v. State Bank of N. C., 6 Pet. 29; People v. Arguello, 37 Cal. 525.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellant is a corporation of which the appellee is a creditor, but of the several debts which the corporation owed him, no part was due by the original terms of its creation, when the bill herein was filed, September 16, 1896. On that day the appellee entered judgment by confession upon a judgment note of the appellant, given as collateral for a loan of $3,500 made August 10, 1896, on four months time.   This bill is filed under Sec. 25, Ch. 32, Corporations. It charges that under an execution upon that judgment, and an execution upon another judgment of $25,000, entered the same day, all the personal property of the appellant has been levied upon by the sheriff; that all the stock and fixtures of several retail stores of the appellant are in the possession of the holder of a chattel mortgage made by the appellant; that it had assigned all its book accounts and warehouse receipts; had discharged all its employes, directed its officers to make no more contracts or sales, and to do no more business in its behalf; and then

follows a formal averment that the appellant "did cease doing business, leaving debts unpaid."

The bill prays for a dissolution of the corporation, but whether that relief shall be granted, is not a question upon this appeal from an interlocutory order appointing a receiver. Chicago Steel Works v. Illinois Steel Company, 153 Ill. 9; Buda Foundry Co. v. Columbian Celebration Co., 55 Ill. App. 381.

The facts alleged in this bill take the case out of the reason which governed Brabrook Tailoring Co. v. Belding, 40 Ill. App. 326. Here the appellant had, in effect, declared that it would do no more business, and it is apparent that it could not if it would.

Without regard to the judgment entered by the appellee September 15, 1896, he had the right, as a simple contract creditor, to file a bill under Sec. 25. Buda Foundry Co. v. Columbian Celebration Co., 55 Ill. App. 381; Butler Paper Co. v. Robbins, 151 Ill. 588.

Nor does it matter that none of his debts were due. Proceedings under Sec. 25 are for the benefit of all the creditors, *pro rata*, of an insolvent corporation. Curran v. Bradner, 27 Ill. App. 582.

There is no equity in permitting creditors whose debts are due, to avail themselves of the various modes by which they might obtain, exclusively, the satisfaction which all are entitled to share in, and hold back the creditors whose debts are not due until all sources of relief are exhausted. Whatever may be the effect of the execution which the appellee has in the hands of the sheriff, he can not, by it, have any remedy for over $2,000 more which the appellant owes him. If the latter sum were his whole debt, his right to relief upon it would be no better than it is now, when it is but the smaller part of the whole.

The order appointing a receiver is affirmed.