# CASES

### ARGUED AND DETERMINED

#### IN THE

# SUPREME COURT OF ILLINOIS.

---

### ASAHEL GAGE

### *v.*

### ADLAI T. EWING.

*Filed at Ottawa May 10, 1883.*

1. CONSTITUTIONAL LAW—*act to quiet title and remove cloud on title is not unconstitutional, as depriving party of trial by jury.* The act providing that a court of chancery may hear and determine bills to quiet title, and to remove clouds from the title of real estate, where the lands are unimproved and unoccupied, is not in violation of the constitutional guaranty of trial by jury, as courts of chancery may submit issues of fact to trial by jury. If such right should be refused by the court, the denial thereof would come from the court, and not from the law.

2. JURY TRIAL—*right to, in case in equity.* Where jurisdiction is bestowed by statute upon a court of chancery in a case where there existed before the adoption of the constitution a remedy at law, under which was given the right of trial by jury, it is presumed such a trial would be allowed, if asked, on a trial in chancery, and obedience paid to the constitutional provision giving such right.

3. FORMER ADJUDICATION—*sufficiency of plea in chancery case.* To a bill in chancery to set aside two tax deeds held by the defendant as a cloud on complainant's title, the defendant pleaded in substance that the complainant purchased the property in question during the pendency of a bill in equity filed by his grantor against this defendant for the same purpose as the

present bill; that the former cause was brought to issue, and the bill dismissed for want of equity, and such former adjudication is set up in bar of this suit:    *Held*, that while the plea did not come up strictly to the requirements of the authorities, it was substantially sufficient, under our practice, without reciting all the allegations of the former bill, as avoiding prolixity in pleading.

APPEAL from the Circuit Court of Cook county; the Hon. THOMAS A. MORAN, Judge, presiding.

Mr. AUGUSTUS N. GAGE, for the appellant:.

A bill will not lie to remove a cloud upon the title to unimproved and unoccupied land, the complainant in such case having an adequate remedy at law in the action of ejectment. The record upon this question presents for consideration the constitutionality of that portion of section 50, chapter 22, Rev. Stat. 1874, which provides that a party claiming to own unimproved or unoccupied land may file a bill in equity to remove clouds from its title. There is no question this bill would not lie but for this statute, and it is equally settled that ejectment is the proper action to try titles, and this without regard to the possession. 3 Blackstone's Commentaries, 201, 203; Adams on Ejectment, chap. 5, p. 221.

Ejectment may be brought for vacant and unoccupied land against any one claiming title thereto or some interest therein. Sec. 7, of the Ejectment act.

Prior to 1869 a bill of this kind would not lie in respect to unimproved or unoccupied land, because of the remedy at law; but by the act of 1869 a court of equity was invested with jurisdiction, and the defendant thereby lost his constitutional right of trial by jury, which he before had always enjoyed.

As bearing on the right of trial by jury in such case, counsel cited Const. 1848, sec. 8, art. 13; *Gage* v. *Rohrback,* 56 Ill. 262; *Wing* v. *Sherer,* 77 id. 200; *Whitney* v. *Stevens,* 97 id. 482; *Ward* v. *Farwell,* id. 593.

A purchaser *pendente lite* is estopped by the decree against his grantor, and he can not file a new bill against the same defendant for the identical relief denied his grantor.

Messrs. W. G. & A. T. EWING, for the appellee:

Equity jurisprudence is as much a part of our administration of justice as the common law. Const. 1870, sec. 12, art. 6; Hurd's Stat. 1880, sec. 1, chap. 22; sec. 1, chap. 28.

Cancellation of deeds has ever been a branch of equity jurisprudence. 1 Story's Eq. Jur. sec. 700, *et seq.*

In the absence of the statute in question, we believe a person out of possession may maintain a bill to remove a cloud. *Hager* v. *Shindler,* 29 Cal. 57; *Thompson* v. *Lynch,* id. 189.

One out of possession may maintain a bill against one in possession to set aside a deed fraudulently obtained, which is a cloud upon the title. *Redmond* v. *Packenham,* 66 Ill. 437; *Kennedy* v. *Northrup,* 15 id. 149.

Courts of equity have determined that persons in possession may file a bill to remove a cloud from the title. *Gage* v. *Rohrback,* 56 Ill. 262; *Gage* v. *Billings,* id. 268; *Reed* v. *Tyler,* id. 288; *Barnett* v. *Cline,* 60 id. 206; *Reed* v. *Reber,* 62 id. 240; *Barnard* v. *Hoyt,* 63 id. 341; *Richmond* v. *Packenham,* 66 id. 437; *Emery* v. *Cochran,* 82 id. 65; *Hardin* v. *Jones,* 86 id. 313.

The second plea,—*res judicata,*—is defective in not setting forth so much of the former bill as will suffice to show that the same point was then in issue, and does not aver that the allegations as to the title to relief are the same in the present bill as in the first. 1 Daniell's Chancery Practice, 661.

This record does not show whether the second plea was overruled by the court because it was defective in point of form or otherwise, or whether the averments of the plea were not true.

Mr. Justice Sheldon delivered the opinion of the Court:

Adlai T. Ewing exhibited in the circuit court of Cook county his bill of complaint against Asahel Gage, setting out, in substance, that he was the owner of certain real estate in Cook county; that the land is unimproved and unoccupied; that Gage had two tax deeds thereon; that they are void; and the prayer of the bill is, that the tax deeds may be set aside as clouds upon the title. The defendant filed two pleas, which, having been set down for argument, were overruled by the court, and defendant electing to stand upon his pleas, a final decree was entered in favor of the complainant, in accordance with the prayer of the bill, and the defendant appealed.

The first plea sets up that the land mentioned in the bill was unimproved and unoccupied at the time of the filing of the bill, and because thereof, the complainant had an adequate remedy at law in the action of ejectment. Our Ejectment act gives the remedy in ejectment where the premises are vacant, section 7 of the act (Rev. Stat. 1874, p. 443,) providing, "if the premises are not occupied the action shall be brought against some person exercising acts of ownership, or claiming title thereto or some interest therein, at the commencement of the suit." But on March 15, 1872, the General Assembly passed an act providing that a court of chancery "may hear and determine bills to quiet title and to remove clouds from the title of real estate when the lands are unimproved and unoccupied." (Laws 1871, sec. 50, p. 337.) It is the question of the constitutionality of this statute, when, as in the case at bar, the cloud sought to be removed is but a mere adverse legal title to the land, which is presented for our consideration under the first plea.

The constitution of 1870 (art. 2, sec. 5,) declares, "the right of trial by jury, as heretofore enjoyed, shall remain inviolate." As at the time of the adoption of the constitu-

tion there existed the remedy at law, by action of ejectment, for the recovery of lands which were unimproved and unoccupied, where there was full enjoyment of the right of trial by jury, it is contended that this subsequent act of March 15, 1872, giving jurisdiction to a court of chancery to remove clouds from the title of real estate, is repugnant to the above constitutional provision, as being in interference with the right of trial by jury as enjoyed at the time the constitution was adopted. As this statute is, substantially, but a reënactment of a similar law of 1869, (Laws 1869, p. 356,) question might be made whether, on that account, the statute could be in violation of the guaranty, by the constitution of 1870, of the right of trial by jury "as heretofore enjoyed." But we waive that, and will consider the law as first having existence in 1872.

Admitting that by this statute there may be drawn into investigation and determination, in chancery, questions of mere legal title to lands, where, before, the remedy was only by action of ejectment at law, it does not follow that there would, from the statute, be any impairment of the right of trial by jury. Conferring jurisdiction in chancery is not excluding trial by jury. Courts of chancery may submit issues of fact to trial by jury, and although it is discretionary to do so in their ordinary course of practice, yet where there comes bestowal upon such a court jurisdiction in a case where there existed, before the adoption of the constitution, the right of trial by jury, it is to be presumed that there would be, in such case, allowance of jury trial,—that there would be obedience to the constitutional injunction that the right of trial by jury, as enjoyed at the time of the adoption of the constitution, should remain inviolate. Should there at any time, in such a case, be denial of such right, then there might arise ground of complaint of the violation of this right of jury trial secured by the constitution; but it would come from the action of the court in the administration of

the law, and not from the statute itself. It does not, in its
purport or necessary result, abridge the right of trial by jury.
It must be left with the legislature to regulate, or entirely
destroy, the boundary between the jurisdiction of courts of
law and of chancery, as in its wisdom may seem best. We
do not regard the statute of March 15, 1872, obnoxious to
the constitutional objection which is urged against it. The
first plea, then, was properly overruled.

The second plea alleges that the complainant purchased
the property in question during the pendency of a bill in
equity, filed by his grantor against this defendant for the
same purpose as the present bill; that the former cause was
brought to issue, and the bill dismissed for want of equity,
and such former adjudication is set up in bar of this suit.
The objection which appellee takes to this second plea is,
that it is defective in not setting forth so much of the former
bill as will suffice to show that the same point was then in
issue and in not averring that the allegations as to the title
to relief are the same in the present bill as in the first, and
reference is made to 1 Daniell's Chancery Practice as sus-
taining the objection. The plea does aver, in this respect,
that the subject matter and grounds of relief of the present
suit are identical and the same as the subject matter and
grounds for relief in the former cause. While this, perhaps,
does not come up strictly to the requirement of the authori-
ties, we are inclined to hold it to be substantially sufficient.
Story lays it down: "Upon a plea of a former decree, so much
of the former bill and answer must be set forth as is neces-
sary to show that the same point was then in issue." (Story's
Eq. Pl. sec. 791.) The plea seems to allege, in substance,
that the former bill stated the same grounds for relief and
asked the same redress this bill was seeking, and we think
that under our practice this was enough, without the recital
of the allegations of the former bill in that regard. It con-
forms to the mode at law of pleading a former adjudication,

and we do not see why it may not suffice as well in a court of chancery. It is a desirable object to save prolixity in pleading, so far as may be. We hold the plea as sufficiently definite, in the respect named, to call for a replication to it.

Because of the overruling of the second plea the decree will be reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

*Decree reversed.*