## JACOB WOLVERTON ET AL.
### V.
## GEORGE H. TAYLOR ET AL.

*Limitations—Corporations—Indebtedness in Excess of Capital Stock—Liability of Directors and Officers.*

1. The statutory liability of directors and officers of any corporation, who assent to the creation of an indebtedness in excess of the capital stock of such corporation, is not a penalty. A bill to enforce such liability is not, therefore, within the limitation of two years.

2. The statute of limitations begins to run as to such liability when the excess of indebtedness is created with assent of the persons to be charged, without regard to the time of its maturity as against the corporation.

[Opinion filed January 16, 1889.]

APPEAL from the Superior Court of Cook County ; .the Hon. HENRY M. SHEPARD, Judge, presiding.

Mr. CONSIDER H. WILLETT, for appellants.

If the liability created by the statute is not in the nature of a contract, but a penalty, it is barred in two years.

" Penal statute: a statute which forbids an act and punishes the doing or commission of it." Burrill's Dictionary.

"A penal statute is one which imposes a forfeiture or penalty for transgressing its provisions or for doing a thing prohibited." Potter's Dwarris on Stat. and Cons. 74.

" If a statute inflicts a penalty for doing an act, the penalty implies a prohibition, and the thing is unlawful, though there be no prohibitory words in the statute." 1 Kent's Com., 407·

" When a penalty is imposed for doing or omitting an act the act or omission is thereby prohibited and made unlawful." Endlich on the Interpretation of Statutes, Sec. 450.

"A statute would not inflict a penalty on what was lawful; consequently when the thing in respect of which the penalty is imposed is a contract, it is illegal and void." Ib.

For an argument showing the distinction between penalties and statutory liabilities we refer to Neal v. Briggs, 12 Ga. 104.

In the light of these authorities the words of the section to be construed do not create a penalty. There is no express or implied prohibition that it is unlawful for the corporation to become indebted in excess of the capital stock. It is evident that a corporation to trade in paper with a capital stock of $50,000, fully paid, might find it a proper business venture to buy $100,000 worth of goods, paying part cash and obtaining the balance on time. Such an act is the ordinary business act of individuals, of partnerships and of corporations.

Becoming indebted in excess of the capital stock is a corporate act or debt. If a partnership becomes indebted in excess of the partnership funds it is a partnership debt. The partnership assets being insufficient to pay the partnership debts, the individual property of the persons comprising such partnership may be taken to satisfy such demands.

Debts in excess of the capital stock are valid corporate debts. By virtue of the statute, corporate debts beyond the amount of the capital stock have, to secure their payment, not only the corporation assets, but the " personal and individual " liability of " the directors and officers of such corporations assenting thereto."

This liability springs from the statute. It is primarily imposed by the statute. It is a contract the liability of which is measured by the very words of the statute.

In Illinois, whenever Sec. 16 has been construed, it has been held that the rights and the liabilities imposed could not be enforced at law. Low v. Buchanan, 94 Ill. 76; affirming Buchanan v. Low, 3 Ill. App. 202; Buchanan v. Barton Iron Co., 3 Ill. App. 191.

The only remedy to enforce the rights under Sec. 16 being in equity, the statute creates a statutory liability and not a penalty. If the statute created a penalty, an action of law would be the only mode of carrying it into effect.

A judgment against the corporation is not necessary to enforce the liability. Merchants Bank v. Stevenson, 5 Allen, 308; Queenan v. Palmer, 117 Ill. 619.

The liability is a creature of the statute. The nature of the liability is *ex contractu* only because the statute has made

it so. The suit is to enforce a liability grounded upon the language of the statute. Terry v. Little, 101 U. S. 216.

Cases where similar language has been held to create an obligation *ex contractu* and not a penalty: Norris v. Wrenschall, 34 Md. 492; Sleeper v. Goodwin, 67 Wis. 577.

Equity is the appropriate remedy to enforce a statutory liability of stockholders. Harper v. Union Manf. Co., 100 Ill. 225; Eames v. Doris, 102 Ill. 350; Thompson v. Meisser, 108 Ill. 359; Tunesma v. Schuttler, 114 Ill. 156; Merchants Bank v. Stevenson, 10 Gray, 232 (directors); Pollard v. Bailey, 87 U. S., 20 Wall. 520; Cook on Stockholders, Sec. 226; cases cited.

The liability is primary, because it is not prohibited by the statute, but created by it. It is in fact a primary statutory liability, and not a penalty. Queenan v. Palmer, 117 Ill. 627; Fuller v. Ledden, 87 Ill. 310; Allen v. Sewell, 2 Wend· 327; Todhunter v. Randall, 29 Ind. 275; Young v. Rosenbaum, 39 Cal. 646; Perkins v. Sanders, 56 Miss. 733; Flash v. Conn., 16 Fla. 428; Flash v. Conn., 109 U. S. 371.

Messrs. EDWARD F. GORTON and EDWARD W. RUSSELL, for appellees.

A statute imposing a liability on directors for creating an excess of indebtedness over capital stock is a penal one. Sturges v. Burton, 8 Ohio St. 215; Bank v. Price, 33 Md. 487; Kritzer v. Woodson, 19 Mo. 327; Irvine v. McKeon, 23 Cal. 427.

Statutes are penal which impose a duty on directors to perform or which forbid the doing of certain acts contrary to public policy, and subject the director violating to pecuniary loss.

Liability for corporate debts for failing to make required reports is penal. Merchants' Bank v. Bliss, 35 N. Y. 416; Halsey v. McLean, 12 Allen, 438; Derrickson v. Smith, 3 Dutcher (27 N. J.) 170; Gregory v. German Bank, 3 Colo 332; Miller v. White, 50 N. Y. 137; Shaler Hall Co. v. Bliss, 3 Barb. 309; Duckworth v. Roach, 8 Daly 159; Breitung v. Lindauer, 37 Mich. 217; Steam Engine Co. v. Hubbard, 101 U. S. 192. For making false certificate that capital stock is

paid in.   Stebbins v. Edmonds, 12 Gray, 203.   For making dividends which impair the capital stock.   Hill v. Frazer, 22 Pa. St. 320.   For making dividends when corporation is insolvent.   Rooke v. Thomas, 56 N. Y. 559.

Statutes are penal which impose a personal liability on stockholders for the debts of the corporation, for doing acts prohibited, or failing to do acts enjoined.   For proceeding to business before paying up capital stock.   Richardson v. Aiken, 87 Ill. 138; Weidinger v. Spruance, 101 Ill. 278, followed in Junker v. Kulmen, 18 Ill. App. 478; Gridley v. Barnes, 103 Ill. 211; Diversey v. Smith, 103 Ill. 378.   For failing to file certain certificates.   Wiles v. Suydam, 64 N. Y. 173; Harper v. Union Mfg. Co., 100 Ill. 225.   For failure to publish certain reports.   Cable v. McCune, 26 Mo. 380.

Appellees do not contend that any other question than the one of this liability being a penalty and barred in two years, comes before this court.   As was before stated, the amended bill shut out all other questions raised by the demurrer to the original bill.   And it is submitted that the answer to that question must be, that it is a statutory penalty.   This being so, the court below committed no error in sustaining the demurrer and dismissing the bill for want of equity.

Equity follows the law; acting by analogy, applies the statute of limitations.   Lewis v. Marshall, 5 Pet. 470; Kane v. Harrington, 50 Ill. 239; Carpenter v. Carpenter, 70 Ill. 457; Hancock v. Harper, 86 Ill. 450; Castner v. Walrod, 83 Ill. 27; Manning v. Warren, 17 Ill. 267; Henry County v. Winnebago Drain Co., 52 Ill. 454.   And may be taken advantage of by demurrer when facts showing that action is barred, appears on the face of the bill.   Illett v. Collins, 103 Ill. 74.

GARY, J.   The appellants filed a bill to enforce the liability of the appellees as directors and officers of a corporation named George H. Taylor & Company.   Such liability is charged upon the ground that they consented to the creation of an indebtedness by the corporation exceeding the amount of its capital stock, and so became liable for such excess under Sec. 16 of the act concerning corporations, approved April 18,

1872. The debts sued for were created in October, November and December, 1882, by promissory notes becoming due in March and April, 1883.

The bill was filed January 12, 1888—more than five years after the debts were created, but less than five years after they became due. The bill alleges that when the debts were created and matured the excess existed.

A demurrer by the appellees to the bill was sustained and the bill dismissed, and from that decree this appeal was taken.

The causes assigned for the demurrer were two years' limitation, on the theory that the liability was "a statutory penalty," or if not, then five years, on the theory that the suit is a "civil action not otherwise provided for." The first ground of the demurrer will be passed with but slight consideration. There is no prohibition in the statute to the creation of an excess of indebtedness, but only a consequence declared if it is done. The ground upon which the Supreme Court held in Diversey v. Smith, 103 Ill. 378, and many other cases, that the liability of stockholders in insurance companies under the 16th section of the act of 1869 concerning insurance was a penalty, fails here, for they found in that act, by construction, a prohibition of the course of business from which the liability imposed by that section followed.

In Hornor v. Henning, 93 U. S. 228, it is decided that language substantially the same as that upon which this bill is framed did not impose a penalty, but was intended to create a fund for the greater security of creditors.

This case is cited with approval to support the position that the remedy is only in equity against all who are liable by or on behalf of all who are creditors, in Low v. Buchanan, 94 Ill. 76; and it is decided in Queenan v. Palmer, 117 Ill. 619, that equity has no jurisdiction to enforce penalties. It follows as a necessary conclusion from these last two cases (the remedy being in equity, and equity having no jurisdiction to enforce penalties) that this liability is not a penalty.

The second ground can not be disposed of so easily and satisfactorily. The argument for the appellants is that they could not sue before their debt was due, and that the statute

Wolverton v. Taylor.

does not begin to run before they could sue. On the other side it is urged that the appellants' cause of action arises from the act of the appellees, and the limitation begins to run from the time the act was done. Manifestly both positions can not be correct, but the vice seems to be in the premise, or the conclusion, of the appellants.

If the appellants could sue the appellees only when they could sue the corporation, then it should follow that they might sue the appellees, their assent to excessive indebtedness concurring, so long as they might sue the corporation, and therefore if the corporate debts were by written instrument made before the excess of debt, on which an action would not be barred until the lapse of ten years, the appellants would be also liable for the unexpired residue of the ten years or more.

There is but one case cited, Duckworth v. Jones, 3 Daly, 159, in which a question resembling that arose, and it was there decided that the three years' limitation of the right of action against the defendants as trustees of a corporation for failure to make a report required by statute did not begin to run when the cause of action accrued against the corporation, but when they failed to report. In that case, however, the debt was due before the default of the defendants.

The case cited from Vermont, Bassett v. St. Albans Co., 47 Vt. 313, only decides that the statutory liability is not kept alive beyond the term of limitation by a judgment against the company. It must be true that appellees would not be liable for debts barred as to the corporation, but this would be upon the ground that it is only to the creditors that they are liable, and if the debt is extinguished by limitation, collateral remedies are gone with it. Pollock v. Maison, 41 Ill. 516, a case of a mortgage, followed in Emory v. Keighan, 88 Ill. 482.

But in such case the lapse of time would not be operative as a limitation upon the action against the appellees, but would have the same effect as payment or release of the debt. In the nature of things, whenever the cause of action did accrue against the appellees, it accrued as a whole—all at once—not piecemeal or by fragments. It may doubtless

become greater, after it has once arisen, by further excess of indebtedness, to which there is an assent by the same officers.

Very grave inconveniences may be supposed from holding that no cause of action exists against the appellees until the debt is due. If the holder of a debt may not himself sue because his debt is not due, may he come in upon a bill filed on behalf of himself and all other creditors, by one whose debt is due, or must he stand by and see the fund which is for the benefit of all, divided among a few? If no cause of action arises until the debt is due, then suppose a corporation of $50,000 capital, with indebtedness of the same amount, incurring, upon a credit of six months, a further indebtedness of $50,000. During the six months in which this last indebtedness is maturing the corporation pays the first $50,000 and in so doing exhausts its entire assets. If the later creditors could sue at once, when the excess is created, the whole $100,000 would be paid; half from the assets of the corporation, the other half from the liability of the officers. But if no cause of action arises until the later debt is due there is no excess then for the statute to attach to, and the later creditors get nothing. Or, suppose a case more likely to happen—that a corporation with some credit, and a capital stock of $50,000, owing to the officers' friends, debts of $15,000 or $20,000, and as much more to other people, incurring new debts, upon a credit of some months, which make an excess equal to the friends' claims, using the proceeds from the new debts and the assets of the corporation to pay the friends, and leaving all the other creditors, new and old, out, and there is the same unjust result, if the liability dates from the maturity of the new debts. The act of consent to an excess of indebtedness does not give a separate cause of action to one creditor, but a collective one to, or for the benefit of all; those whose debts are incurred before the excess, as well as those whose debts caused it. Buchanan v. Bartow I. Co., 3 App. 191; Low v. Buchanan, 94 Ill. 76.

Can the position that whether a suit upon that collective cause of action is prematurely brought or not, depends upon which of the several creditors is the more active, be main-

tained? Under the bankrupt act, the petition in case of involuntary bankruptcy, might be by a creditor whose debt was not due (Bump on Bky. 28), though the act of Congress simply said "petition of one or more of his creditors." Ib. 403.

So in the administration of estates, whether of deceased persons or insolvents, by statute, claims not due are provable. Sec. 67, Ch. 3, Sec. 10, Ch. 72, R. S. 1872.

Proceedings of the character of this are the administration, in equity, by rules which the court in a great measure frames for itself, of a fund, to be apportioned among claims due and not due, as the case may be, and in principle it can make no difference which class embraces the creditor who first calls upon the court for aid.

The effort of appellants to show that this cause of action is some nondescript, not included in the words "not otherwise provided for," has made no impression upon the court. The appellees have made no written instrument. Their liability was imposed by law for acts *in pais*. It ended with the lapse of five years after their last act of consent to an excess of indebtedness.

The demurrer was rightly sustained, and the decree is affirmed. Schalucky v. Field, 124 Ill. 617, has no resemblance to this case.

*Decree affirmed.*