## GEORGE H. TAYLOR CO.

### v.

### JACOB WOOLVERTON ET AL.

*Corporations—Debts of—Directors' Liability—Bill to Enforce—Sec. 16, Chap. 32, R. S.—Practice.*

1.  A bill will not lie against a corporation to obtain judgment for the amount of a simple contract debt.  The remedy is at law.

2.  Where a bill is filed against a corporation and its directors and subsequently dismissed as to the latter, the result is the same as if they had not been named therein, and all allegations of the bill relating to them stand as so much surplusage as regards the right of the complainant to a decree against such corporation.

[Opinion filed November 11, 1890.] ¦

IN ERROR to the Superior Court of Cook County; the Hon. HENRY M. SHEPARD, Judge, presiding.

Mr. EDWARD F. GORTON, for plaintiff in error.

If the court had jurisdiction, it lost it when it dismissed

Taylor Co. v. Woolverton.

the cause in the judgments upon the demurrers. We might, perhaps, insist upon the very terms of the order in the case of Longley and Taylor. It is not therein adjudged that the cause be dismissed merely as to them, but that it be dismissed. The court surely had power in a proper case, and, as we shall endeavor to show, this was such a case, if satisfied that the bill could not be maintained, to dismiss it wholly, and in that event, the plaintiff in error could not be defaulted; but our objection goes deeper.

The bill was filed to enforce the statutory liability of directors. The corporation was a necessary party, since the liability is primarily that of the corporation, and the character of the suit is such that, in order to make a proper decree, an inquiry is necessary as to the total amount of indebtedness, number and names of creditors, and amounts of their several claims, number and names of the directors assenting to excessive increase and available assets of the company. This is in accordance with the decisions of our own and other courts. Low v. Buchanan, 94 Ill. 76; Horner v. Henning, 93 U. S. 228.

The bill recognizes some of these features, and seeks from the defendants a discovery, on oath, of certain facts material to the case of complainants. But, upon the demurrers of the defendant directors, the court adjudges that, as to them at least, the bill must be dismissed. What is left? Three mere money demands against the corporation, now the sole defendant.

It must be remembered that there is not even an allegation of insolvency in the bill. The sole foundation of the claim against the directors was their supposed liability, arising from the mere fact of an indebtedness beyond the capital stock, created with their assent.

The bill must now, therefore, be regarded as though it had been originally one filed by these three simple contract creditors, to obtain a judgment against the corporation defendant for the aggregate amount of their claims, to be distributed among them by the sheriff (we suppose) *pro rata.*

Mr. Consider H. Willett, for defendants in error.

MORAN, P. J.   A bill was filed January 12, 1888, in the Superior Court, against the corporation, plaintiff in error, and against George H. Taylor, William H. Longley and James White, as directors of said corporation, to enforce the liability of the said directors for the debts of the company in excess of the capital stock.   The bill set out and described indebtedness due to the respective complainants, consisting of several promissory notes of different dates and amounts, executed by the said corporation and delivered to the respective defendants, and alleged that when said indebtedness to the different complainants was created, the indebtedness of said corporation exceeded its capital stock, and that said defendants, Taylor and Longley, being directors of said corporation, assented to said indebtedness so in excess of said capital stock, and thereby became personally and individually liable to pay the indebtedness to the complainants.   The liability sought to be enforced was the statutory liability created by Sec. 16, Chap. 32, R. S., which provides that "If the indebtedness of any stock corporation shall exceed the amount of its capital stock, the directors and officers of such corporation, assenting thereto, shall be personally and individually liable for such excess, to the creditors of the corporation."

Defendants Taylor and Longley demurred to the bill, and their demurrer was sustained by the Superior Court, and the bill dismissed as to them.   From said order complainants appealed to this court, and from a judgment of affirmance here (30 Ill. App. 70) appealed to the Supreme Court, where said order was reversed and the case remanded to the Superior Court.   Woolverton et al. v. Taylor et al., 132 Ill. 197.

On the same day on which the order dismissing the bill as to said defendants, Taylor and Longley, was entered in the Superior Court, to wit, on June 29, 1888, the default of the corporation, plaintiff in error, was entered at the instance of complainants in the bill, and afterward, on August 7, 1888, a final decree was entered against plaintiff in error and in favor of defendants in error, finding that said corporation was indebted to said complainant Woolverton in the sum of $2,742.08, to the complainant Northwestern National Bank, in the sum of $3,986.76, and to complainant Clark in the sum

of $6,505.51, and ordering and decreeing that the complainants "have and recover from the defendant, said George H. Taylor Company, the sum of $13,234.34 and costs of this suit, to be distributed among said several complainants in proportion to their respective indebtedness, as aforesaid, and that an execution issue for said amount against said " defendant corporation." It is to review this decree that the present writ of error is prosecuted.

It will be seen from the foregoing, that at the time the decree was entered, the bill stood as a bill asking for judgment against the defendant, upon three simple contract debts.   To a bill to enforce against directors or officers of a corporation, the statutory liability created by Sec. 16, above quoted, the corporation is no doubt a necessary party defendant; but the right to proceed against the corporation, when sued with the officers or directors sought to be made liable, is a very different thing from proceeding against the corporation alone (after all other defendants have been dismissed out of the suit), for the purpose of obtaining a judgment against such corporation on simple contract debts.   As the case is now presented on this record, we are shown a decree or judgment on the equity side of the court against plaintiff in error, for an indebtedness which the judgment or decree recites to have been evidenced by certain promissory notes.   At the time such decree was entered the case stood in the court below precisely as though plaintiff in error had been sued alone.   The other defendants were dismissed out of the case, and all allegations of the bill relating to them stood as so much surplusage, so far as regarded the right of complainants in the bill to a decree against the then sole defendant.

It has been made a subject of discussion between the respective counsel, in their briefs filed herein, whether suits in equity can be brought to enforce the liability created by Sec. 16 of the Corporation Act by simple contract creditors, or whether, in order to reach such liability, the suit must be brought by judgment creditors.   We do not think that question is presented by this record, and we are therefore not called on at this time to express any opinion upon it.

The only question presented here now, is, whether three

simple contract creditors may, in their own behalf and in behalf of other creditors of a corporation, file a bill to obtain judgment against such corporation for the amount of its simple contract debts.

There is, upon this decree, no question as to the distribution of a common fund ratably among creditors. The element of the officers' or directors' liability constituting a common fund which might be reached and distributed in a court of chancery, was taken out of this bill by the dismissal of it against all defendants except the corporation, and the decree entered, which is final in substance and in form, does not attempt to distribute or in any manner to deal with or administer such a fund. This is not like the cases of Eames v. Doris, 102 Ill. 350, or Queenan et al. v. Palmer et al., 117 Ill. 619, relied on by counsel for defendant in error. There is not an allegation of this bill applicable to plaintiff in error as sole defendant which discloses a ground of equitable jurisdiction. Insolvency of the corporation is not alleged, but if it was, no bill to administer the assets of the corporation could be maintained against it alone without the acquiring of an equitable lien by exhausting the remedy at law. The remedy obtained by the complainants could be given to them at law, and hence equity was without jurisdiction to award it. As was said by the Supreme Court in Gore et al. v. Kramer et al., 117 Ill. 176, " The effect of maintaining the bill would be to deprive the defendants of a jury trial on a question where, by the rules of the common law, they are entitled to such trial."

The rule has often been repeated in this court, that a party can have no standing in a court of equity who has a plain and adequate remedy or defense at law.

Had the plaintiff in error appeared in the court below and answered the bill, and thus submitted the subject-matter to the jurisdiction, a different question might have been presented. Ohling v. Luitjens, 32 Ill. 23; Stout v. Cook, 41 Ill. 447; Dodge v. Wright, 43 Ill. 382.

The decree must be reversed and the case remanded to the Superior Court for such further proceedings in the matter as the changed condition of the record in that court may warrant.

*Reversed and remanded.*