## JACOB WOOLVERTON ET . AL.

### v.

## THE GEORGE H. TAYLOR COMPANY ET AL.

*Corporations—Debts of—Director's Liability—Bill to Enforce—Secs. 16
and 25, Chap. 32, R. S.—Jurisdiction—Insolvency—Negotiable Instru-
ments—Judgments and Decrees.*

1. The word "creditor" means a person to whom a debt is owing by
another person; standing by itself it means creditor at large.

2. Where a proceeding in a court of equity is to reach equitable assets,
the remedy at law must first be exhausted, for the reason that there is no
jurisdiction in equity while there remains an adequate remedy at law.

3. Insolvency can be proved in proceedings at law without the evidence
of the return of an execution unsatisfied; while that is required in cases
where a creditor's bill is filed, in other cases insolvency can be proved the
same as any other fact.

4. The secondary liability of an assignor on a promissory note may be
made out by showing that the maker was insolvent without proving that a
suit was brought against him and was unavailing; where the facts show that
such an action would be unavailing, no action need be brought to establish
the assignor's liability.

5. Insolvency is the condition of inability to pay one's debts as they fall
due, or, in the usual course of trade or business; such insolvency alleged in a
bill seeking to enforce the liability under Sec. 16 of the statute on corpora-
tions is sufficient.

6. A court of chancery may submit an issue against a defendant to a trial
by jury, and though ordinarily discretionary, such court may in a given case
be bound to do so, where the law entitles the party to such trial.

7. No judgment at law is necessary to determine that parties filing a bill
to recover under Sec. 16 are creditors. They may establish that they are cred-
itors and the amount of the indebtedness, and reach the fund or liability
created by said section, and distribute it among all those for whose benefit
it is created, by an original bill in chancery.

8. In the case presented, this court holds that it was improper to refuse
to grant leave to complainant to withdraw his replication to certain pleas,
and to submit a motion to strike the same from the files for reasons stated
therein; that the purely technical judgment on the issues made by the pleas
as they stood, is the result of the court denying the motion, which should
have been allowed, and that the judgment on the pleas can not stand, as it
is a mere technical obstruction to reaching a just result in the case.

[Opinion filed December 7, 1891.]

Appeal from the Superior Court of Cook County; the Hon. Henry M. Shepard, Judge, presiding.

Mr. Consider H. Willett, for appellant.

Messrs. Tenney, Church & Coffeen and Edward W. Russell, for appellees.

Moran, J.   The bill in this suit was filed against The George H. Taylor Company corporation, and against George H. Taylor, William H. Longley, John Manley and others, seeking to enforce against the individual defendants the liability under Sec. 16 of the statute on corporations, officers and directors assenting to an indebtedness in excess of the capital stock of the corporation.

The case has been in this court twice before, and is reported in 30 Ill. App. 70, that case on appeal in 132 Ill. 197. The case is again reported in this court in 37 Ill. App. 358. Upon the last hearing in this court the case stood as an attempt to recover on a simple indebtedness against the corporation alone, the other defendants having been dismissed out of it by the decree entered in the trial court.

The case now stands as a bill against the corporation and the defendants to enforce the liability which it was originally intended to reach.   On the hearing in the Superior Court the bill was dismissed because it was not shown that the complainants had reduced their indebtedness to judgment against the corporation by an action at law.   From this decree the present appeal is prosecuted.   It was settled by the decision of the Supreme Court in Wolverton v. Taylor, 132 Ill. 197, that the method of reaching this liability of officers and directors created by Sec. 16 of the general incorporation act, is by a suit in equity.   The principal question presented by this appeal is whether such liability can be reached by a suit in equity without the creditor or creditors seeking to enforce such liability in satisfaction of their debts, having obtained a judgment at law against the corporation and had a return of no property found upon an execution.

Sec. 16 provides: "If the indebtedness of any stock corporation exceed the amount of its capital stock, the directors and officers of such corporation assenting thereto shall be personally and individually liable for such excess to the creditors of such corporation."

In Low v. Buchanan, 94 Ill. 76, where it was first held that the liability created by Sec. 16 was to be enforced in a court of equity, great stress is laid upon the fact that the officers of the corporation, so assenting to indebtedness in excess of the capital stock, did not become liable to some particular creditor, but, in the language of the act, " to the creditors;" that is, all the creditors. In that case, nor in any of the numerous subsequent cases decided by our Supreme Court, in which it is held that the remedy to recover such a fund and to effect its distribution among the creditors can only be found in a court of equity, is any hint given that creditors were only those who had reduced their respective claims to judgment by an action at law. Sec. 25 of the general incorporation act provides, among other things, that "suits in equity may be brought against all persons who were liable in any way for the debts of the corporation by joining the corporation in such suit." Surely the liability for the debts of the corporation created by Sec. 16 of the same act may be reached by a suit in equity brought against the persons who have incurred such liability, and the liability being to the creditors of such corporation, all that is necessary to establish one's right to maintain the suit in equity is to show that he is a creditor of such corporation. The liability is to creditors. The word " creditor" means a person to whom a debt is owing by another person. The simple word " creditor" standing by itself, means creditor at large; so it is generally used and generally understood, and so it must be held to have been used in this statute. There is no indication in the statute and no intimation from the Supreme Court that the creditor or creditors who are to be benefited by this liability must be judgment creditors before they can avail themselves of the right to sue in equity for the application of this fund to the satisfaction of their debts.

Where the proceeding in a court of equity is to reach equitable assets, it is well settled that the remedy at law must be exhausted, for the reason that there is no jurisdiction in equity while there remains an adequate remedy at law; hence, it has been repeatedly held by the Supreme Court of this State, that before a bill can be filed to reach property and subject it to the claims of creditors, that can only be reached in a court of equity, a judgment at law must be obtained and the process of the court of law must have proved unavailing, and this is the class of cases relied on by the appellee to sustain the contention, that there should be a judgment at law against the corporation before the liability of these officers of the corporation created by Section 16 can be reached. But in this case the jurisdiction of the court of equity in no wise depends upon the exhaustion of the remedy at law. If the corporation is in default and is insolvent, the liability of the officers consenting to the indebtedness in excess of the capital stock may be reached by a suit in equity, not because said liability is an equitable asset, and to be reached only after the exhaustion of legal assets, but because the statute which creates this legal liability, as construed by the Supreme Court, gives the remedy for enforcing it to a court of equity and not to a court of law. This bill alleges the default of the corporation and its insolvency, and the consent of the officers to the indebtedness in excess of capital stock, and these allegations are sufficient to charge appellees under the law which declares their liability. The contention of appellees appears to be that the insolvency of the corporation can only be determined by the return of an execution unsatisfied. Such is not the law. Insolvency can be and is very frequently proved in proceedings at law, without the evidence of the return of an execution unsatisfied. That is required in cases where a creditor's bill is filed, but in other cases insolvency can be proved the same as any other fact. The secondary liability of an assignor on a promissory note may be made out by showing that the maker was insolvent, without proving that a suit was brought against him and was unavailing. Where the facts show that such an action would be unavailing, it is expressly held that no action

need be brought to establish the assignor's liability.   Humphreys v. Collier, 1 Scam. 47; Pierce v. Short, 14 Ill. 144.

Insolvency is but the condition of inability to pay one's debts as they fall due, or in the usual course of trade or business.   Such insolvency is what is alleged in this bill and is, in our opinion, sufficient.   But it is argued that the corporation has the right to trial by jury on the question of the indebtedness.   Let it be admitted that the corporation has such right, and this is not an insuperable objection to the maintenance of the bill.   A court of chancery may submit an issue against a defendant or defendants to a trial by jury, and though it is generally discretionary in the court to do so, it may in a given case be bound to do so where the law entitles the party to such trial.   In the case of Gage v. Ewing, 107 Ill. 11, it is held that where jurisdiction is bestowed by statute upon a court of chancery in a case where the constitution entitles the party to the right of trial by jury, it is to be presumed that such trial will be allowed if asked, on a trial in chancery, in obedience to the constitution.   The court there said : " Conferring jurisdiction in chancery is not excluding trial by jury.   Courts of chancery may submit issues of fact to trial by jury, and although it is discretionary to do so in their ordinary course of practice, yet where there comes bestowal, upon such a court, of jurisdiction in a case where there existed before the adoption of the constitution the right of trial by jury, it is to be presumed that there would be in such case allowance of jury trial; that there would be obedience to the constitutional injunction; that the right of trial by jury as enjoyed at the time of the adoption of the constitution should remain inviolate."

If, then, the corporation defendant is disposed, upon the hearing in chancery of such case as this, to demand trial by jury of the fact of its indebtedness, it has only to insist on that right, and the court of chancery is empowered to grant such trial as fully as it can be obtained in a court of law.   No judgment at law then is necessary to determine that the parties who bring the bill or in whose interest it is brought are in fact creditors.   They may establish that they are creditors

Woolverton v. G. H. Taylor Co.

and the amount of the indebtedness, and reach the fund or liability created by Sec. 16, and distribute it among all those for whose benefit it is created, by an original bill in chancery. While this precise point has not been in terms expressly decided, we understand it to have been virtually determined by several cases in this State and in the Supreme Court of the United States. Low v. Buchanan, *supra;* Tunesma v. Schuttler, 114 Ill. 156; Queenan v. Palmer, 117 Ill. 619; Stone v. Chisholm, 113 U. S. 302.

It is contended that the decree dismissing the bill must be affirmed even though the suit might be maintained without alleging the recovery of a judgment at law, because there was an issue taken on pleas filed by defendants, and the result of the decree is in effect the finding of the issue in favor of the defendants, which it is said puts an end to the suit, whether the pleas were good in law or not. The record contains the statement or opinion of the court at the time of the hearing, giving the reasons which controlled the judge in rendering the decree. It plainly appears that the view of the court was, that without proof of the recovery of a judgment at law against the corporation upon the notes mentioned in the bill, the suit can not be maintained against the corporation, and the officers and directors claimed to be liable under Sec. 16. The decision was not at all grounded upon a finding of facts on the issue made upon the pleas. If we can not look to such statement, then it further appears that the complainant asked leave to withdraw his replication to these pleas, and to submit a motion to strike the pleas from the files for various reasons stated in the motion. This the court refused. It should have been granted and the motion to modify the orders sustaining the pleas should have been allowed. The purely technical judgment on the issues made by the pleas as they stood is the result of the court denying the motion which should have been allowed; under such circumstances the judgment on the pleas can not stand, as it is a mere technical obstruction to reaching a just result in the case. The judgment on the pleas will be set aside, the order dismissing the bill will be reversed, and the case will be remanded to the Superior Court, with

directions to proceed with the case in a manner not inconsistent with this opinion.

*Reversed and remanded.*