S. WARREN LAMSON ET AL.

v.

GEORGE FOWLER ET AL.

*Kansas Corporations—Liability of Owners of Paid-up Stock—Not Enforceable Outside of Kansas.*

1.    The provision of the constitution of Kansas that "dues from corporations shall be secured by individual liability of stockholders to an additional amount equal to the stock owned by each stockholder," etc., is not self-executing, but is a mandate to the legislature.

2.    Under this constitutional provision and the laws of the State of Kansas, it is *held:* That creditors of a Kansas corporation had no remedy against holders of paid-up stock in such corporation which could be enforced outside of that State.

[Opinion filed March 19, 1892.]

APPEAL from the Superior Court of Cook County; the Hon. HENRY M. SHEPARD, Judge, presiding.

Mr. D. M. KIRTON, for appellants.

Mr. E. F. THOMPSON, for appellees.

Lamson v. Fowler.

GARY, J.   For the consideration of the law of this case only a very brief statement of facts is necessary.   The appellants are holders of full paid stock in a corporation of the State of Kansas—The Cherokee Brilliant Coal and Mining Company.   The appellees are judgment creditors, by Illinois judgments, of the company, with executions returned *nulla bona*, before this suit was begun.   As to corporations of the class of this coal company, the constitution of the State of Kansas provides :

" Dues from corporations shall be secured by individual liability of stockholders to an additional amount equal to the stock owned by each stockholder, and such other means as shall be provided by law."

This provision is not self-executing; it is a direction to the Legislature to secure such dues.   Morley v. Thayer, 3 Fed. R. 737; more valuable for cases cited in it than for itself.

Without copying statutes of Kansas it suffices to say that they provide the means by which are to be collected from stockholders, debts owing by the corporation, but no stockholder to pay more than for his stock and an equal additional amount.   These means, however, are adapted only to the State of Kansas; the course of proceedings in another State can not be regulated by statutes of that State.   There is no statute of that State shown by this record, which in terms or substance re-enacts the constitutional provision, though the individual liability of stockholders is at the foundation of all the legislation and seems to be constantly assumed.   There is then this difficulty : The constitution is not self-executing, and there is no statute imposing the individual liability; it is only assumed so far as it is necessary to operate in Kansas legal machinery which can not be operated here.   How then can it be said that there is any individual liability of stockholders in this corporation, owing nothing for their stock, which can be enforced by creditors of the corporation outside of Kansas ?   But if the individual liability exist, it is not (except so far as the remedy is governed by Kansas law) a liability of the

stockholders severally to the creditors severally, but a burden, upon all stockholders, for the benefit of all creditors, prorating both burden and benefit. See cases collected in Curran v. Bradner, 27 Ill. App. 582. Bagley v. Tyler, 43 Mo. App. 195, is *contra* as to this very corporation.

This being the character of the liability and of the benefit of it, proceedings must be first had in Kansas; so held in Young v. Farwell, 28 N. E. R. 845, citing many cases, to which should be added, because of the fullness of its reasons, Bank of N. A. v. Rindge, 27 N. E. R. 1015 (Mass.), a case of another Kansas corporation. We do not understand that the appellees claim anything in this proceeding under Sec. 49 of the Chancery Act relating to judgment creditor bills, or under the previous practice in equity which that section is based upon. The liability of the appellants, whatever may be its character and the means of enforcing it, was never any asset of the corporation. Wolverton v. Taylor, 37 Ill. App. 358.

The appellees are not entitled to the decree they obtained, and it is reversed and the cause remanded with directions that the bill be dismissed at the cost of the appellees.

*Reversed and remanded.*