First National Bank v. Peoria Watch Company et al.

1. CORPORATION—*Rights of—Simple Contract Creditors—Delinquent Subscribers.*—Under section 25 of the act concerning corporations, a simple contract creditor may file his bill to reach unpaid subscriptions for stock, so as to enforce the liability against delinquent subscribers, without having first reduced his claim to a judgment.

Creditor's Bill.—Trial in the Circuit Court of Peoria County; the Hon. THOMAS M. SHAW, Judge, presiding. Hearing and judgment for defendant, on demurrer. Appeal by plaintiff. Heard in this court at the May term, 1898. Reversed and remanded. Opinion filed September 26, 1898.

ARTHUR KEITHLEY, attorney for appellant.

JACK & TICHENOR, attorneys for appellees.

MR. JUSTICE CRABTREE delivered the opinion of the court.

This was a bill in equity, filed by appellant against the Peoria Watch Company and certain subscribers to the capital stock of said company, in the nature of a creditor's bill, for the purpose of enforcing payment of a claim held by the appellant against the company. Demurrers having been sustained to the original bill, and to the same as amended on two different occasions, appellant filed an amended bill, which is the one now before us, and a demurrer being sustained thereto, appellant brings the case to this court.

The amended bill shows that appellant is a contract creditor of said Peoria Watch Company to the amount of $10,607.41; that said company is insolvent; that it was organized as a corporation in 1885, with a capital stock of $150,000; that various calls from time to time, amounting to seventy per cent of the entire amount, were made by the board of directors upon all the stockholders of the company; and that a further assessment of ten per cent was made, payable in October, 1886, a ninth assessment of ten per cent,

payable in November, 1886, and the last one, also of ten per cent, payable in December, 1886; that certain of the stockholders had never paid anything upon their stock; that on March 18, 1891, the company being indebted to appellant bank, gave it a note for the sum of $10,607.41, with eight per cent interest thereon, and that no part of said note has been paid; that shortly thereafter said company became insolvent and ceased doing business, disorganized, and to all intents and purposes has not since then had any corporate existence. That it has no property of any kind or character, except delinquent subscriptions to its capital stock, and that appellant is the only creditor. Appellant's claim has never been reduced to judgment. The prayer of the bill is that the delinquent stockholders be decreed to pay the balance due upon their subscriptions, and that a receiver may be appointed and the corporation wound up, etc. All the stockholders are made parties defendant with the appellee company, except C. R. Wheeler, who joined with appellant as a complainant in this amended bill. It is further averred that four of the stockholders are indebted to the amount of thirty per cent of their subscriptions for stock, to wit: Cole, Gish, Truesdale and Brodman. That all other stockholders have paid their subscriptions in full, except Eugene F. Baldwin and Lem Wiley, and that they are insolvent.

Various grounds of demurrer to the bill were set up, but the principal points relied on here are, that there was a complete remedy at law; that appellant's claim had not been reduced to judgment; also relying upon the statute of limitations and *laches* appearing upon the face of the bill.

We hold that under section 25 of the act on corporations, a simple contract creditor may file his bill to reach unpaid subscriptions for stock, so as to enforce the liability against delinquent subscribers without having first reduced his claim to a judgment. Woolverton v. Taylor, 43 Ill. App. 424; Buda Foundry Co. v. Columbian Celebration Co., 55 Id. 381; Northam & Co. v. Atherton, 67 Id. 230.

The bill shows that appellant is the only creditor of the insolvent corporation, and the only assets of the latter are unpaid subscriptions to its capital stock.

The bill appears to have been filed in apt time, and the questions of *laches* and the statute of limitations need not be discussed. We think the demurrer to the bill should have been overruled and the decree will therefore be reversed and the cause remanded, with directions to the Circuit Court to proceed in accordance with this opinion.

Decree reversed and cause remanded.