## First National Bank et al. v. Peoria Watch Co. et al.

1. CORPORATIONS—*When No Part of the Capital Stock to Which Creditors Can Resort in Equity Remains Unpaid.*—Where a corporation issued no certificates of stock until the stock was fully paid for, and certain subscribers paid nothing on their subscriptions, or only a small portion thereof, and afterward assigned their stock to the corporation, or surrendered their stock to the company, and it was declared and treated by the company as forfeited to it, and afterward the company took new subscriptions for all this surrendered, assigned and forfeited stock, and such new subscriptions were paid in full, so that the corporation received full payment for the entire amount of its capital stock, there remains no fund of capital stock unpaid to which a creditor can resort in equity.

2. SAME—*Attempts to Reach Unpaid Stock Not Affected by the Payment of Dividends on New Stock.*—In such case the attempt of the creditor to reach supposed unpaid capital stock is not affected by the fact that the company undertook to prefer the payment of dividends upon the new stock.

3. SAME—*Where a Decree Does Not Establish a Liability.*—In such a case where a judgment creditor had previously filed a bill against the corporation, and some, but not all of the stockholders sought to be affected by this bill, and had obtained a decree in its favor, that decree does not establish the liability of the defendants, and dispose of the defense that no fund of unpaid capital stock remains, where the bill is

not in evidence, and the decree shows there were answers which were also not in evidence.

**Bill to Reach Unpaid Subscriptions.**—Appeal from the Circuit Court of Peoria County; the Hon. Leslie D. Puterbaugh, Judge, presiding. Heard in this court at the October term, 1900. Affirmed. Opinion filed February 13, 1901.

Arthur Keithley, attorney for appellants.

Jack & Tichenor, and Page, Wead & Ross, attorneys for appellees.

Mr. Justice Dibell delivered the opinion of the court.

This was an amended bill by a simple contract creditor and a stockholder of the Peoria Watch Company, seeking to reach and collect certain unpaid stock subscriptions. In First National Bank v. Peoria Watch Company, 77 Ill. App. 663, we held the bill not subject to demurrer. Thereafter the answers of the supposed defaulting stockholders were filed, and a hearing was had in the court below, and the court dismissed the bill for want of equity, and certain cross-complainants dismissed their cross-bills. This is an appeal by the complainants from a decree dismissing the bill.

We deem it unnecessary to give a detailed history of all the affairs of the Peoria Watch Company, because there are certain considerations at the threshold of this case which, in our judgment, sustain the decree of the court below, regardless of all other questions. The capital stock of the corporation was $250,000, and it was all subscribed. Cole, one of the defendants, subscribed $20,000. He paid nothing on his subscription, but assigned his interest to the company. Brodman subscribed $500 and paid ten per cent thereon, and then claimed that the subscription had been obtained from him by fraud, and refused to pay further. Afterward a compromise was effected between himself and the company, by which he forfeited what he had already paid, and surrendered his stock to the company. Gish was down upon the books of the company as having subscribed $500. He claimed that his subscription was $250 and that it had been altered without his authority. The company

compromised this matter with him, by receiving from him $250 in full for that much stock, and issuing a paid-up certificate to him for that amount, and canceling ·or receiving an assignment of the remaining shares. There were other stockholders who did not pay upon their stock subscriptions. No certificates of stock were issued upon any subscription until it was fully paid, so that as to these subscriptions which had not been paid, no certificates were outstanding representing them. All this unpaid stock was, in some manner, formal or informal, surrendered or assigned to the company, or was declared and treated by the company as forfeited to it. In most cases, the interest of the defaulting or non-paying stockholders was assigned to the company by a written instrument. The company thereupon assumed to own all this unpaid stock, and thereafter it opened books of subscription, and received subscriptions anew for this stock, and received subscriptions covering the entire amount of delinquent, forfeited and assigned stock, and collected upon such new subscriptions the full par value thereof from the new subscribers. As before stated its capital stock was $250,000. It never increased its capital stock, nor took any steps to that end. It has received $250,000 in cash upon subscriptions to its capital stock. There is, therefore, no fund remaining of unpaid capital stock to which creditors can have recourse. In our judgment, this one fact disposes of the bill of complaint.

This new stock, so subscribed and paid for, was by the company made preferred, to this extent: The company indorsed on the back of the certificates issued for this new stock an agreement to pay an annual dividend of eight per cent thereon, and that this dividend should be a first charge upon the net profits of the company. We do not think this fact aids complainant's case. Whether this agree-, ment could be enforced against other stockholders is immaterial here.

Prior to the filing of this bill, the German-American National Bank, a judgment creditor of the Peoria Watch Company, had filed a bill of complaint against the watch

company and some of its stockholders, including some, but not all, of the persons sought to be charged by this bill, and there had been a decree in favor of the complainants in that bill. The decree was offered in evidence in this case, and it is claimed that it establishes the liability of the defendants, and disposes of the defense here set up. The bill of complaint in that case was not offered in evidence here. The decree shows there were answers, but they were not offered in evidence. We therefore can not know from this record what issues were involved in that case, except that it is stipulated here that that was a creditor's bill by a judgment creditor. The present complainants were not parties to that suit. This is not a creditors' bill, but a suit under section 25 of the corporation act, by a simple contract creditor and a stockholder. Inasmuch as the suits were of a different nature, and as the pleadings in the former suit do not appear here, we are of opinion it is not shown that the decree in that case is a bar to the defense set up here. At most, it would be but *prima facie* proof, and it is overcome by the other proof in this record.

Without, therefore, considering the other questions discussed, the decree of the court below will be affirmed.